FISHER v. GAYDON

[124 N.C. App. 442 (1996)]

━━━━━━━━━━

DAVID R. FISHER AND SHIRLEY L. FISHER, PLAINTIFFS, v. AUDREY FISHER GAYDON, DEFENDANT

No. COA96-17

(Filed 5 November 1996)

**1. Divorce and Separation § 383 (NCI4th)— visitation by grandparents—standing—intact family**

Grandparents have standing under N.C.G.S. § 50-13.1(a) to seek visitation with their grandchildren when those children are not living in an "intact family."

**Am Jur 2d, Divorce and Separation § 1002.**

**Grandparents' visitation rights. 90 ALR3d 222.**

**2. Divorce and Separation § 383 (NCI4th)— single parent living with child—intact family—grandparent visitation action prohibited**

A single parent living with his or her child constitutes an "intact family" which is insulated from grandparent visitation actions pursuant to N.C.G.S. § 50-13.1(a). An intact family does not exist only when both natural parents are living together with their children.

**Am Jur 2d, Divorce and Separation § 1002.**

**Grandparents' visitation rights. 90 ALR3d 222.**

**3. Divorce and Separation § 383 (NCI4th)— visitation by grandparents—failure to show custody being litigated**

Grandparents failed to show that custody of their grandchild was "in issue" or "being litigated" so as to give them standing under N.C.G.S. § 50-13.2(b1) to seek visitation where the child's mother filed a complaint against the alleged biological father seeking custody and child support but dismissed this complaint without prejudice, and there was no showing that the alleged father was contesting the mother's claim to custody.

**Am Jur 2d, Divorce and Separation § 1002.**

**Grandparents' visitation rights. 90 ALR3d 222.**

Appeal by plaintiffs from order entered 6 November 1995 in Cabarrus County District Court by Judge Clarence E. Horton, Jr. Heard in the Court of Appeals 18 September 1996.

*Morton, Grigg and Phillips, L.L.P., by James A. Phillips Jr., for plaintiff-appellants.*

*Ferguson and Scarbrough, P.A., by Edwin H. Ferguson, Jr., for defendant-appellee.*

GREENE, Judge.

David R. Fisher and Shirley L. Fisher (the grandparents) appeal from the trial court's order dismissing their 23 February 1995 complaint which sought visitation with their grandchildren.

The grandparents are the parents of Audrey Fisher Gaydon (Ms. Gaydon). Ms. Gaydon is the mother and sole custodian of two children, age six and age three. The oldest child, Jessica Michelle Fisher

(Jessica), was born during the marriage of Ms. Gaydon to Jeffrey Byron Plyler (Mr. Plyler). During the divorce proceeding between Ms. Gaydon and Mr. Plyler, Mr. Plyler denied his paternity of Jessica. In 1994, a paternity action was filed against the biological father of Jessica, Jessie Eugene Saunders (Mr. Saunders). Mr. Saunders' parental rights with respect to Jessica were terminated on 15 August 1994.

Lesley Delane Fisher (Lesley) was born 9 August 1993 while Ms. Gaydon was involved with Tommy Jeffrey Kepley (Mr. Kepley). She and Mr. Kepley were not married. On 24 August 1993, Ms. Gaydon filed a complaint against Mr. Kepley seeking an "Order awarding [her] custody of" Lesley and an "Order directing [Mr. Kepley] to pay" child support to Ms. Gaydon. Ms. Gaydon, on 16 October 1995, "dismissed [this complaint] without prejudice."

On 6 November 1995, the trial court dismissed the grandparents' complaint seeking visitation finding that the grandparents did not have standing to file the action.

The issues are whether (I) a single parent living with her children can constitute an "intact family" within the meaning of *McIntyre v. McIntyre*, 341 N.C. 629, 634, 461 S.E.2d 745, 749 (1995); and (II) there was an ongoing custody dispute between Ms. Gaydon and the alleged biological father of one of the children entitling the grandparents to seek visitation pursuant to N.C. Gen. Stat. § 50-13.2(b1).

I

[1] In *McIntyre v. McIntyre*, our Supreme Court held that grandparents do not have standing, pursuant to N.C. Gen. Stat. § 50-13.1(a) (1995), to seek visitation with their grandchildren when the "natural parents have legal custody of their children and are living with them as an intact family." *McIntyre*, 341 N.C. at 634, 461 S.E.2d at 749. It follows that under the broad grant of section 50-13.1(a), grandparents have standing to seek visitation with their grandchildren when those children are *not* living in a *McIntyre* "intact family." Additionally, there are three specific statutes that grant grandparents standing to seek visitation with their grandchildren. N.C.G.S. § 50-13.2(b1) (1995) (when "custody of minor child" at issue); *see Moore v. Moore*, 89 N.C. App. 351, 353, 365 S.E.2d 662, 663 (1988) (grandparent has standing to seek visitation under N.C. Gen. Stat. § 50-13.2(b1) only when "custody of minor children is being litigated"); N.C.G.S. § 50-13.5 (1995) (after custody of minor child has been determined); N.C.G.S.

§ 50-13.2A (1995) (when child adopted by "stepparent or a relative of child"). The grandparents argue that it is only parents residing with their children in an "intact nuclear family" that are insulated from grandparent visitation actions pursuant to section 50-13.1(a). More specifically, that only those families consisting of a mother, a father, and a child residing in a single residence qualifies as an "intact family" within the meaning of *McIntyre*. We disagree.

We acknowledge that the nuclear family, consisting of *married* parents living with their children, is the family unit accorded traditional recognition in our society. *Unmarried* parents living with their children have also been accorded recognition as family units. *See Michael v. Gerald D.*, 491 U.S. 110, 123 n.3, 105 L. Ed. 2d 91, 106 n.3 (1989). The traditional two-parent model, however, is not the determinative factor qualifying a group of persons as a family. *See Moore v. East Cleveland*, 431 U.S. 494, 539, 52 L. Ed. 2d 531, 562 (1977) (declaring unconstitutional statute that did not include grandmother living with her son and grandchildren as a "family"); *see also Hodgson v. Minnesota*, 497 U.S. 417, 417, 111 L. Ed. 2d 344, 350 (1990) (declaring constitutional state statute that permitted minor to obtain abortion after notifying only one parent).

[2] We acknowledge that both parents in *McIntyre* were living together with their children. We do not, however, read that opinion to hold that an "intact family" exists *only* when both natural parents are living together with their children. We believe a proper construction of that opinion is that a single parent living with his or her child *is* an "intact family" within the meaning of *McIntyre*. *See Lambert v. Riddick*, 120 N.C. App. 480, 484 n.2, 462 S.E.2d 835, 837 n.2 (1995) (dissenting opinion) ("[i]t would appear that an intact family should include a single parent living with his or her child").

In this case the record reveals that Ms. Gaydon was living with her two children at the time the complaint was filed, had lived with them for at least two years prior to the filing of the action and thus qualifies as an "intact family." The grandparents thus did not have standing to pursue their visitation action under section 50-13.1(a).

## II

[3] The grandparents argue that, even if Ms. Gaydon and her children are treated as an "intact family" and the grandparents' action is precluded under section 50-13.1(a), N.C. Gen. Stat. § 50-13.2(b1) is specific in allowing them to proceed with their visitation request. This

argument is based on their contention that there was an ongoing custody dispute (with regard to that child) between Ms. Gaydon and the claimed biological father of Lesley. Although the existence of such a dispute would grant standing to the grandparents to seek visitation, in this case there is no evidence of such a dispute. There is nothing in this record showing that the alleged biological father was contesting Ms. Gaydon's claim of custody. It is only when the custody of a child is "in issue" or "being litigated" that the grandparents are entitled to relief pursuant to N.C. Gen. Stat. § 50-13.2(b1). We therefore reject this argument.

Affirmed.

Chief Judge ARNOLD and Judge JOHNSON concur.