BRENDA PENLAND AND DAVID PENLAND v. ANGELA AUSTIN HARRIS

No. COA98-1528

(Filed 19 October 1999)

**1. Child Support, Custody, and Visitation— custody sought by grandparent—constitutionally protected parental interest**

In a case involving an attempt by a grandmother and her husband to gain custody of her daughter's minor child, the trial court did not err in granting defendant-daughter's motion to dismiss because: (1) plaintiff-grandmother's dissatisfaction with defendant's husband and the couple's residence does not allege conduct so egregious as to be inconsistent with defendant's parental duties and responsibilities; (2) plaintiffs' assertion they would be able to afford the minor child a higher standard of living is not relevant to the issue of defendant's constitutionally protected parental interest; and (3) plaintiffs' concerns as to defendant's decisions regarding the child's associations, education and religious upbringing are squarely within parental rights and responsibilities.

**2. Appeal and Error— appealability—denial of motion to amend complaint—attached to appendix—not in record**

In a case involving an attempt by a grandmother and her husband to gain custody of her daughter's minor child, plaintiffs cannot appeal the denial of their motion to amend the complaint prior to the hearing of defendant's motion to dismiss because although plaintiffs have attempted to place the motion to amend as an appendix to their brief, Rule 9 limits appellate review to the record on appeal.

**3. Appeal and Error— appealability—settling the record—certiorari**

In a case involving an attempt by a grandmother and her husband to gain custody of her daughter's minor child, plaintiffs cannot appeal from the trial court's settling of the record on appeal because review of that order, if at all, may only be had by means of certiorari.

Appeal by plaintiffs from order entered 25 June 1998 by Judge Samuel A. Cathey in Iredell County District Court. Heard in the Court of Appeals 20 September 1999.

*Parker, Setzer & Howes, L.L.P., by David P. Parker, for plaintiff-appellants.*

*Pope, McMillan, Kutteh, Simon & Baker, P.A., by Pamela H. Simon, for defendant-appellee.*

MARTIN, Judge.

Plaintiffs filed this action on 20 April 1998 seeking joint custody of defendant's minor child. In their complaint, plaintiffs alleged that plaintiff, Brenda Penland, is defendant's mother and the natural maternal grandmother of the minor child; plaintiff David Penland is Brenda Penland's husband. Plaintiffs alleged that the minor child was born to defendant out of wedlock on 15 July 1992 and that the child's natural father is not named on the birth certificate. Plaintiffs alleged that defendant and the minor child lived in plaintiffs' home from the child's birth until 3 April 1998, when defendant married Andrew Harris and took the child to live with her in Harris' apartment. During the time when the minor child lived with plaintiffs, they alleged that they assumed parental roles and provided the child with food, health care, private schooling, and an overall healthy and stable environment while defendant earned a nursing degree. Since defendant's marriage to Harris, however, plaintiffs have been allowed only very limited contact and visitation with the minor child, to the detriment of the child's well being. Plaintiffs asserted that it was in the best interests of the child that they be awarded joint custody and "that her care, custody, and control be with the Plaintiffs at least 50% of the time." Plaintiffs also sought an *ex parte* order awarding them custody pending a hearing on the merits.

Defendant's motion to dismiss the complaint was granted by the trial court. Plaintiffs appeal.

There are four statutes in North Carolina which permit a grand-parent to maintain an action for custody or visitation of a minor child. Plaintiffs do not specify under which statute they proceed, however, it is clear that plaintiffs have no right to proceed under any of these statutes. Accordingly, we affirm the order dismissing their complaint.

G.S. § 50-13.2(b1) permits a grandparent to intervene in an ongoing custody dispute and request visitation with their grandchild. *Hill v. Newman*, 131 N.C. App. 793, 509 S.E.2d 226 (1998). G.S. § 50-13.5(j) permits a grandparent to petition for custody or visitation due to changed circumstances in those actions where custody has previously been determined. *Id.* at 797, 509 S.E.2d at 229, citing *McIntyre v. McIntyre*, 341 N.C. 629, 633, 461 S.E.2d 745, 748-49 (1995). Because neither situation contemplated by these statutes is present in this case, they are inapplicable to establish plaintiffs' standing to maintain this action.

A third statute, G.S. § 50-13.2A, permits a biological grandparent to institute an action for visitation rights where the minor child has been adopted by a step-parent or relative of the child, and a substantial relationship exists between the grandparents and the child. There is no allegation in the complaint before us in this case that Andrew Harris has adopted the minor child and, therefore, plaintiffs may not proceed under this statute.

Finally, G.S. § 50-13.1(a) permits "[a]ny parent, relative, or other person, agency, organization or institution claiming the right to custody of a minor child [to] institute an action or proceeding for the custody of such child, as hereinafter provided." In *McIntyre*, our Supreme Court held this statute does not grant grandparents standing to sue for visitation when no custody proceeding is ongoing and the minor's family is intact. *McIntyre*, 341 N.C. at 635, 461 S.E.2d at 750. In *Fisher v. Gaydon*, 124 N.C. App. 442, 477 S.E.2d 251 (1996), *disc. review denied*, 345 N.C. 640, 483 S.E.2d 706 (1997), this Court denied standing to grandparents to maintain an action for visitation where the grandchildren lived with their single mother, holding "that a single parent living with his or her child is an 'intact family' within the meaning of *McIntyre*." *Id.* at 445, 477 S.E.2d at 253. Similarly, we believe the term "intact family" should certainly include a married natural parent, step-parent and child living in a single residence.

More recently, in *Price v. Howard*, 346 N.C. 68, 484 S.E.2d 528 (1997), our Supreme Court, interpreting G.S. § 50-13.2(a), considered the rights of natural parents, both biological and adoptive, against the

rights of third parties. The Court held that a natural parent has a constitutionally protected paramount right in the care, custody, and control of his or her children which rises to the level of a liberty interest and is protected by the Due Process Clause of the Fourteenth Amendment. *Id.* The right is not absolute, however, and there is a corollary obligation on the part of the parent to care for his or her child and act in the child's best interest. Where a parent has acted in a manner inconsistent with his or her constitutionally protected custody right, that right must give way to a "best interest of the child" analysis under G.S. § 50-13.2(a). *Id.*

There is no bright line rule to determine what conduct on the part of a natural parent will result in a forfeiture of the constitutionally protected status and trigger application of a "best interest" analysis. Unfitness, abandonment, and neglect are certainly so egregious that a parent who engages in such behavior forfeits constitutional protections. *Price*, 346 N.C. at 79, 484 S.E.2d at 534, *McIntyre*, 341 N.C. at 632, 461 S.E.2d at 748, *Hill*, 131 N.C. App. at 796, 509 S.E.2d at 228. On the other hand, raising a child out of wedlock does not constitute such behavior. *Peterson v. Rogers*, 337 N.C. 397, 445 S.E.2d 901 (1994). The fact that the third party is able to offer the minor child a higher standard of living does not overcome a natural parent's paramount interest in the custody and control of the child. *Id.* And, parental control over a child's associations is not behavior inconsistent with parental responsibilities; it is instead a fundamental part of the parent's right to custody. *Hill*, 131 N.C. App. at 799, 509 S.E.2d at 230, citing *Petersen*, 337 N.C. at 403, 445 S.E.2d at 904-05.

[1] We read *Price* as broadening the rule of *McIntyre* by requiring that a third party, including a grandparent, who seeks custody of a minor child as against the child's natural parent, must allege facts sufficient to show that the natural parent has acted in a manner inconsistent with his or her constitutionally protected status. "If a natural parent's conduct has not been inconsistent with his or her constitutionally protected status, application of the 'best interest of the child' standard in a custody dispute with a nonparent would offend the Due Process Clause." *Price*, 346 N.C. at 79, 484 S.E.2d at 534.

The complaint in the present case falls far short of that requirement. Plaintiffs allege virtually no facts which would support a finding that defendant has engaged in conduct inconsistent with her parental responsibility. Plaintiffs allege their disapproval of defendant's choice of spouse, place of residence, and babysitters, and their

fear that defendant will not permit the child to attend the school and church which plaintiffs desire that she attend. The primary focus of the complaint is upon plaintiffs' loving relationship with the minor child and their ability to provide her with a higher standard of living if she were in their custody.

Plaintiffs' dissatisfaction with defendant's husband and the couple's residence does not allege conduct so egregious as to be inconsistent with defendant's parental duties and responsibilities. Their assertion that they would be able to afford the minor child a higher standard of living is not relevant to the issue of defendant's constitutionally protected parental interest. Nor are plaintiffs' concerns as to defendant's decisions regarding which school and church the child will attend; decisions regarding the child's associations, education and religious upbringing are squarely within parental rights and responsibilities. *See, e.g., Hill,* 131 N.C. App. at 799, 509 S.E.2d at 230, citing *Peterson,* 337 N.C. at 403, 445 S.E.2d at 904-05 (finding that control over a child's associations is one of the penumbra of constitutionally protected parental rights). Thus, we hold the complaint in the present case insufficient to state a claim under G.S. § 50-13.1(a) on behalf of plaintiffs for custody of the minor child of defendant.

[2] In their brief, plaintiffs assert that they moved to amend their complaint prior to the hearing of defendant's motion to dismiss and they have assigned error to the denial of the motion. However, neither plaintiffs' motion to amend nor any ruling by the court with respect thereto are contained in the record on appeal, having been excluded by the trial court's order settling the record on appeal. N.C.R. App. P. 9(a)(1)j requires that the record contain "copies of all other papers filed and statements of all other proceedings had in the trial court which are necessary to an understanding of all errors assigned . . . ." Although plaintiffs have attempted to place the motion to amend before this Court by attaching it as an appendix to their brief, Rule 9 limits our review to the record on appeal; matters argued in the brief but not contained in the record will not be considered. *Hudson v. Game World, Inc.,* 126 N.C. App. 139, 484 S.E.2d 435 (1997).

[3] Plaintiffs also assign error to the rulings of the trial court settling the record on appeal. A trial court's order settling the record on appeal is final and will not be reviewed on appeal. *State v. Johnson,* 298 N.C. 355, 259 S.E.2d 752 (1979). Review of an order settling the record on appeal is available, if at all, only by way of *certiorari. Id.*

Plaintiffs have not applied for *certiorari* and we decline to consider their assignments of error directed to the trial court's order settling the record on appeal.

The order of the trial court is affirmed.

Affirmed.

Chief Judge EAGLES and Judge TIMMONS-GOODSON concur.