CHARLES ALLEN MONTGOMERY AND JANICE STEWART MONTGOMERY OVERBY, Plaintiffs-appellants v. KAREN CUMMINGS MONTGOMERY, Defendant-appellee

No. COA99-315

(Filed 18 January 2000)

**Child Custody, Support, and Visitation— visitation—grandparents—denied—intact family**

Even though plaintiff-paternal grandparents sought visitation rights of their grandchild under N.C.G.S. § 50-13.1(a) based on the theory that the child was not living in an "intact family" since the child's father is deceased and the parents were separated at the time of his death, the trial court did not err in dismissing this action because: (1) an "intact family" is not limited to situations where both natural parents are living with their children; (2) a single parent living with his or her child is an "intact family"; and (3) a grandchild who is living with her natural mother is living in an "intact family."

Appeal by plaintiffs from judgment entered 28 January 1999 by Judge William B. Reingold in Forsyth County District Court. Heard in the Court of Appeals 8 December 1999.

*Peebles & Schramm, by John J. Schramm, Jr. and Erin L. Williams for the plaintiffs-appellants.*

*K. Clay Dawson, P.A., by Kenneth Clayton Dawson for the defendant-appellee.*

WYNN, Judge.

N.C. Gen. Stat. § 50-13.1(a) (1995) permits grandparents to seek visitation with their grandchildren when there is no ongoing custody proceeding and the children are not living in an "intact family". *McIntyre v. McIntyre*, 341 N.C. 629, 461 S.E.2d 745 (1995). In this case, paternal grandparents appeal to us to hold that since their son is deceased and had separated from his wife before his death, the child of that couple who continues to live with her mother does not live in an "intact family". Following this Court's holding in *Fisher v. Gaydon*, 124 N.C. App. 442, 477 S.E.2d 251 (1996), we find that the child lives in an "intact family" and therefore, we uphold the trial court's dismissal of the grandparents' visitation action.

On 5 April 1996, a daughter was born to the marriage of Karen Cummings Montgomery and Michael Allen Montgomery. Approxi-

mately two years later, on 20 June 1998, the child's father was killed in a highway accident. At the time of his death, the child's parents were living separate and apart. Thereafter, the minor child resided with her mother.

Concerned that they were being denied, without cause, visitation with the minor child, the natural paternal grandparents of the child brought the present action. But the trial court dismissed that action under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. The paternal grandparents now appeal to this Court.

---

At common law, grandparents had no standing to sue for visitation of their grandchildren. *See Shackleford v. Casey*, 268 N.C. 349, 352, 150 S.E.2d 513, 515 (1966) (stating that as "a general rule at common law and under our decisions, parents have the legal right to the custody of their infant children. This natural and substantive right the courts may not lightly disregard."); *see also Acker v. Barnes*, 33 N.C. App. 750, 752, 236 S.E.2d 715, 716 (1977) (superseded by N.C. Gen. Stat. § 50-13.1(a)) (stating that so "long as parents retain custody of their minor children, they retain the prerogative to determine with whom their children shall associate"); *Brotheron v. Boothe*, 250 S.E.2d 36 (W.Va. 1978) (superseded by W.Va.Code, 48-2B-1); *Lo Presti v. Lo Presti*, 355 N.E.2d 372 (N.Y. 1976); *Pier v. Bolles*, 596 N.W.2d 1, 4 (Neb. 1999) (stating that at under the common law, "grandparents lacked any legal right to visitation and communication with their grandchildren if such visitation was forbidden by the parents"); *In re Welfare of R.A.N.*, 435 N.W.2d 71 (Minn. App. 1989)

In modern times, however, states have recognized such a right under limited circumstances. *See e.g.*, W.VA. Code § 48-2B-1 et seq. (1998); N.Y. DRL § 72 (1996); NEB. Rev. Stat. §§ 43-1801, 43-1802, 43-1803 (1998); IND. Code § 31-17-5-1 et seq. (1997); MINN. Stat. § 257.022, subd. 2a (1998). North Carolina joined the movement towards recognizing the right of grandparents to seek visitation in limited circumstances by enacting N.C. Gen. Stat. §§ 50-13.2(b1), 50-13.2A, 50-13.5(j) and 50-13.1(a). *See McIntyre*, 341 N.C. at 634, 461 S.E.2d at 749.

First, N.C.G.S. § 50-13.2(b1) states that "[a]n *order for custody of a minor child* may provide visitation rights for any grandparent of the child as the court in its discretion deems appropriate". N.C.G.S. § 50-13.2(b1) (1995) (emphasis added); *see also Penland v. Harris*,

135 N.C. App. 359, 361, 520 S.E.2d 105, 106 (1999); *Fisher*, 124 N.C. App. at 444, 477 S.E.2d at 252.

Second, N.C.G.S. § 50-13.2A, entitles a grandparent to seek visitation when the child is *"adopted by a stepparent or a relative of the child* where a substantial relationship exists between the grandparent and the child." N.C.G.S. § 50-13.2A (1995) (emphasis added).

Third, N.C.G.S. § 50-13.5(j) entitles a grandparent to seek visitation "[i]n any action in which the *custody of a minor child has been determined,* upon a motion in the cause and a showing of changed circumstances pursuant to G.S. 50-13.7". N.C.G.S. § 50-13.5(j) (1995) (emphasis added); *see also Penland*, 135 N.C. App. at 361, 520 S.E.2d at 106; *Fisher*, 124 N.C. App. at 444, 477 S.E.2d at 252.

Finally, N.C.G.S. § 50-13.1(a) entitles a grandparent to "institute an action or proceeding for custody" of their grandchild. N.C.G.S. § 50-13.1(a). However, as articulated by our Supreme Court in *McIntyre*, 341 N.C. at 635, 461 S.E.2d at 750, grandparents are not entitled to seek visitation under N.C.G.S. § 50-13.1(a) when there is no ongoing custody proceeding and the grandchild's family is intact.

The paternal grandparents in this case acknowledge that they have no standing under either N.C.G.S. § 50-13.2(b1) or N.C.G.S. § 50-13.5(j) because there has been no custody action concerning their grandchild. Moreover, although the paternal grandparents' complaint alleged that they were entitled to visitation rights with their granddaughter under N.C.G.S § 50-13.2, it is clear that N.C.G.S. § 50-13.2A does not apply because the grandchild has not been "adopted by a stepparent or a relative of the child". Consequently, the grandparents only argue in this appeal that they have standing to seek visitation under N.C.G.S. § 50-13.1(a). We, therefore, limit our discussion to that statute.

In *Fisher*, this Court noted that "under the broad grant of section 50-13.1(a), grandparents have standing to seek visitation with their grandchildren when those children are not living in a *McIntyre* 'intact family'." *See Fisher*, 124 N.C. App. at 444, 477 S.E.2d at 253. When the grandparents in this cased filed their action, their grandchild resided with her mother. The grandparents contend that since their son—the child's father—is deceased and the parents were separated at the time of his death, the child was not living in an "intact family." We must disagree.

In *Fisher*, this Court held that an "intact family" is not limited to situations where both natural parents are living with their children. *See id.* at 445, 477 S.E.2d at 253. In fact, "a single parent living with his or her child is an 'intact family' within the meaning of *McIntyre*." *Id. Fisher* controls in the case *sub judice*; accordingly, we are bound to hold that the grandchild who is living with her natural mother is living in an "intact family." Since the child lived in an "intact family" at the time of this action, the grandparents may not seek visitation rights under N.C.G.S. § 50-13.1(a). We, therefore, uphold the trial court's dismissal of the grandparents' action for visitation.

Affirmed.

Judges LEWIS and MARTIN concur.