PRICE v. BREEDLOVE

[138 N.C. App. 149 (2000)]

MARTHA KAY PRICE, Plaintiff v. JAMES ERIC BREEDLOVE, Defendant

No. COA99-535

(Filed 16 May 2000)

**1. Child Support, Custody, and Visitation— visitation by grandparent—deceased mother—intact family—standing of grandparent**

The trial court did not err by granting defendant-father's Rule 12(b)(6) motion to dismiss an action by a grandmother seeking visitation with her grandchildren after her daughter was killed in an automobile accident. The children and defendant must be considered as living in an "intact family," and plaintiff thus has no standing to seek visitation with her grandchildren under N.C.G.S. § 50-13.1(a).

**2. Child Support, Custody, and Visitation— visitation by grandparent—parent deceased after custody order—subject matter jurisdiction**

The trial court properly concluded that it lacked subject matter jurisdiction over a claim for visitation by a grandmother under N.C.G.S. § 50-13.5(j) where it was undisputed that defendant-father was awarded legal custody of the children in a 1995 court order in a proceeding contested by plaintiff's daughter, now deceased, who was defendant's former wife and the mother of the children. The trial court's jurisdiction over the issues of visitation and custody terminated upon the death of plaintiff's daughter in 1997.

Appeal by plaintiff from order filed 29 December 1998 by Judge David K. Fox in Transylvania County District Court. Heard in the Court of Appeals 27 January 2000.

*Olson, Smith, Jordan and Cox, P.A., by James S. Erwin, III, for plaintiff-appellant.*

*H. Paul Averette, for defendant-appellee.*

JOHN, Judge.

Plaintiff appeals the trial court's order allowing defendant's motion to dismiss pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) (1999) (Rule 12(b)(6)). We affirm.

PRICE v. BREEDLOVE

[138 N.C. App. 149 (2000)]

The uncontested pertinent facts and procedural history include the following: Defendant and plaintiff's daughter are the biological parents of minor children Travis and Joshua Breedlove (jointly, the children), born 14 September 1989 and 21 May 1991 respectively. On 12 January 1995, defendant was awarded custody of the children by court order following his separation and subsequent divorce from plaintiff's daughter. The children have lived with defendant since that date. In June of 1997, plaintiff's daughter was killed in an automobile accident.

On 14 October 1998, plaintiff instituted the instant action seeking visitation with the children as their grandmother. On 30 October 1998, defendant moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(6), alleging she had failed to state a claim upon which relief might be granted. Following a hearing, the trial court allowed defendant's motion by order filed 29 December 1998 (the Order).

The Order contained the following pertinent findings of fact:

2. The Defendant is the biological father of [the] two minor children . . .; the Plaintiff is the maternal grandmother . . .; the biological mother of the minor children, who was divorced from the Defendant in 1997, died in an automobile accident in 1997.

. . . .

4. From and since 1995, the minor children have lived with the Defendant. . . .

5. There is no other action pending relative to custody or otherwise between the parties at this time.

Based upon its factual findings, the trial court rendered the following conclusion of law:

[P]ursuant to the Rule of Law enunciated in the case of *McIntyre v. McIntyre* . . . the Plaintiff, the grandmother herein, has no right to sue for visitation when no custody proceeding is ongoing and the minor children's family is intact. [Additionally,] pursuant to the Rule of Law enunciated in *Fisher v. Gaydon* . . . the minor children and the Defendant are an "intact family unit[,]" [a]nd . . . that [the court] lacks subject matter jurisdiction. . . .

Plaintiff appeals.

**[1]** Plaintiff contends the trial court

> err[ed] in granting the defendant's motion to dismiss because *McIntyre v. McIntyre* does not require it and to the extent *Fisher v. Gaydon* does, it should be overruled.

In addition, plaintiff relies on N.C.G.S. § 50-13.1(a) (1999) and N.C.G.S. § 50-13.5(j) (1999).

In *McIntyre v. McIntyre*, 341 N.C. 629, 461 S.E.2d 745 (1995), our Supreme Court acknowledged that G.S. § 50-13.1(a) allows a grandparent to "institute an action or proceeding for the custody" of their grandchild, G.S. § 50-13.1(a), but held such statute

> does not grant [grandparents] the right to sue for visitation when no custody proceeding is ongoing and the minor children's family is intact,

*McIntyre*, 341 N.C. at 635, 461 S.E.2d at 750. Plaintiff maintains that *McIntyre*, read in context, defined an "intact family" as "two natural parents residing together with their children." In light of recent decisions of this Court, we cannot agree. *See In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (where one panel of Court of Appeals "has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court").

In *Montgomery v. Montgomery*, 136 N.C. App. 435, 524 S.E.2d 360 (2000), this Court discussed the "intact family" requirement. In *Montgomery*, paternal grandparents sought visitation with their granddaughter, alleging she was not living in an "intact family." The plaintiffs' son, the child's biological father, had been killed in a highway collision. *Id.* at ——, 524 S.E.2d at ——. At the time of his death, he and his wife were living separate and apart and the child resided with her mother. *Id.* This Court upheld dismissal of the grandparents' action upon holding the child lived in an "intact family" as required by *McIntyre* and defined in *Fisher v. Gaydon*, 124 N.C. App. 442, 444-45, 477 S.E.2d 251, 252-53 (1996), *disc. review denied*, 345 N.C. 640, 483 S.E.2d 706 (1997). *Id.* at ——, 524 S.E.2d at ——.

In *Fisher*, this Court established that an " 'intact family' within the meaning of *McIntyre*" may exist where "a single parent [is] living with his or her child," *Fisher*, 124 N.C. App. at 445, 477 S.E.2d at 253, and is not limited to the circumstance where a child and both natural parents are living together, *id.*; *see Penland v. Harris*, 135 N.C. App.

359, ——, 520 S.E.2d 105, 107 (1999) ("the term 'intact family' should certainly include a married natural parent, step-parent and child living in a single residence").

Under the foregoing precedent, the children and defendant in the case *sub judice* must be considered as living in an "intact family," and plaintiff thus has no standing to seek visitation with her grandchildren under G.S. § 50-13.1(a). *See McIntyre*, 341 N.C. at 634, 461 S.E.2d at 749 (grandparents accorded no standing under G.S. § 50-13.1(a) to seek visitation where the "natural parents have legal custody of their children and are living with them as an intact family"), and *Fisher*, 124 N.C. App. at 445, 477 S.E.2d at 253 ("[t]he traditional two-parent model . . . is not the determinative factor qualifying a group of persons as a family . . . ; a single parent living with his or her child is an 'intact family' within the meaning of *McIntyre*").

[2] Plaintiff also contends she is afforded standing to seek visitation by G.S. § 50-13.5(j), and that *Fisher* should be overruled. As to the latter contention, we have noted above the decision of our Supreme Court limiting to that Court the authority to overrule decisions of a panel of this Court. *See In the Matter of Appeal from Civil Penalty*, 324 N.C. at 384, 379 S.E.2d at 37. As to plaintiff's assertion referencing G.S. § 50-13.5(j), she has cited no authority in support of her reliance thereon, *see* N.C.R. App. P. 28(b)(5) (assignments of error "in support of which no . . . authority [is] cited, will be taken as abandoned"), and her argument in any event fails under *McIntyre*.

G.S. § 50-13.5(j) provides:

> In any action in which the custody of a minor child has been determined, upon a motion in the cause and a showing of changed circumstances pursuant to G.S. § 50-13.7, the grandparents . . . are entitled to . . . visitation rights as the court . . . deems appropriate.

Interpreting this statutory provision, the *McIntyre* Court noted that although G.S. § 50-13.5(j) permits grandparents to seek visitation subsequent to an initial custody determination,

> the trial court retains jurisdiction of the issue of custody [only] *until the death of one of the parties* or the emancipation of the youngest child. (emphasis added).

*McIntyre*, 341 N.C. at 633, 461 S.E.2d at 748 (citations omitted); *see also Shoaf v. Shoaf*, 282 N.C. 287, 290, 192 S.E.2d 299, 302 (1972)

FIRST CITIZENS BANK & TR. CO. v. CANNON

[138 N.C. App. 153 (2000)]

(quoting *Weddington v. Weddington*, 243 N.C. 702, 704, 92 S.E.2d 71, 73 (1956)) ("[a]fter separation, followed by action for divorce . . . authority to provide for the custody of children vests in the court in which the divorce proceeding is pending . . . 'so long as the action is pending and it is pending for this purpose until the death of one of the parties, or the youngest child of the marriage reaches the age of maturity' ").

It is undisputed herein that defendant was awarded legal custody of the children by a 1995 court order in a proceeding contested by plaintiff's daughter, the now-deceased former wife of defendant and the mother of the children. It is further uncontested that plaintiff's daughter died in 1997. Under the statutory interpretation of our Supreme Court in *McIntyre*, therefore, the trial court's jurisdiction over the issues of visitation and custody regarding the children herein terminated upon the death of plaintiff's daughter. *See McIntyre*, 341 N.C. at 633, 461 S.E.2d at 748 (court retains jurisdiction over issue of custody and visitation "until the death of one of the parties").

In sum, the trial court properly concluded it lacked subject matter jurisdiction over plaintiff's visitation claim, and the court did not err in allowing defendant's motion to dismiss said claim for failure to state a claim upon which relief might be granted. *See* G.S. § 1A-1, Rule 12(b)(6).

Affirmed.

Judges McGEE and HUNTER concur.