CARIE FRANCIS McDUFFIE, Plaintiff v. MAURICE MITCHELL, Defendant

No. COA01-1492

(Filed 31 December 2002)

1. **Child Support, Custody, and Visitation— visitation—grandmother's claim after mother's death—no existing custody action between parents**

    The issue of whether a family was intact was not reached in a maternal grandparent's visitation action against the children's father where the custodial mother died, an existing custody action between the parents was dismissed, and the trial court correctly dismissed the grandmother's action for failure to state a claim. The grandmother's claim was dependent on there being an ongoing custody case between the parents or a finding that the parent or parents are unfit. N.C.G.S. §§ 50-13.5(j), 50-13.1(a).

2. **Child Support, Custody, and Visitation— custody—grandmother's claim after mother's death—fitness of father**

    A grandmother did not sufficiently allege conduct inconsistent with a noncustodial father's status as a parent where she claimed that he had been estranged from the children and had enjoyed only limited visitation but the father had alleged in a previous action that he had been denied visitation and had pursued a modification of custody, and he sought custody immediately after the children's mother went into a coma. The trial court did not err by dismissing the action for failure to state a claim.

Appeal by plaintiff from judgment entered 1 June 2001 by Judge Eric L. Levinson in Mecklenburg County District Court. Heard in the Court of Appeals 11 September 2002.

*James, McElroy & Diehl, P.A., by Richard A. Elkins and Preston O. Odom, III, for plaintiff-appellant.*

*Richard L. McClerin for defendant-appellee.*

THOMAS, Judge.

Plaintiff, Carie McDuffie, appeals the trial court's dismissal of her complaint seeking visitation and custody of her two grandchildren. For the reasons herein, we affirm.

Plaintiff is the maternal grandmother of Maurice Mitchell III and Ayanna Mitchell. Maurice was born on 10 July 1991 and Ayanna was born on 29 May 1993, both during the marriage of their mother and father, the late Sharon McDuffie (formerly Mitchell) and defendant, Maurice Mitchell. After the parents were divorced in 1997, the Superior Court of New Jersey, Chancery Division, entered an order giving custody of the children to Sharon and visitation rights to defendant.

Sharon and the children moved to North Carolina later that year. The New Jersey court order was registered in Mecklenburg County District Court in 98 CVD 15717. In July 2000, defendant filed a Motion to Modify Custody, alleging that he had been denied visitation by Sharon and her boyfriend, James Brown. A trial was held on 11 September 2000. On 27 November 2000, the court entered an order awarding continued custody to Sharon and visitation to defendant.

In early October 2000, however, Sharon suffered a medical emergency and went into a coma from which she was not expected to recover. Defendant filed an Emergency Motion to Modify Custody on 17 October 2000. Sharon died on 20 October 2000, prior to a hearing on that motion. On 27 October 2000, plaintiff filed a Motion to Intervene in what had been the custody case between Sharon and defendant. James Brown filed a Motion to Intervene on 30 October 2000. The children resided with plaintiff immediately after Sharon's death.

While those motions were pending, plaintiff instituted the present action by filing a complaint on the morning of 8 December 2000 seeking custody and injunctive relief. By notice pleading and later, by consent, visitation was sought as well. On the afternoon of 8 December 2000, defendant obtained an order authorizing him to take physical custody of the children.

On 5 January 2001, in the original case, the trial court denied the motions of plaintiff and Brown to intervene on the basis that there was no longer an ongoing custody action and that Brown had violated Rule 24 of the North Carolina Rules of Civil Procedure. The trial court then dismissed the motions to intervene, defendant's motion to modify custody, the 27 November 2000 order granting custody to Sharon, and an 11 August 1999 child support order. It ruled that the court's subject matter jurisdiction had ceased in the case and terminated the custody proceedings between Sharon and defendant.

McDUFFIE v. MITCHELL

[155 N.C. App. 587 (2002)]

On 17 January 2001, in the instant case, defendant filed an answer and a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). On 2 March 2001, defendant filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Plaintiff then filed a Motion in the Cause pursuant to N.C. Gen. Stat. § 50-13.5(j) on 6 March 2001. Section 50-13.5(j) provides, in pertinent part:

> In any action in which the custody of a minor child has been determined, upon a motion in the cause and a showing of changed circumstances pursuant to G.S. 50-13.7, the grandparents of the child are entitled to such custody or visitation rights as the court, in its discretion, deems appropriate. As used in this subsection, "grandparent" includes a biological grandparent of a child adopted by a stepparent or a relative of the child where a substantial relationship exists between the grandparent and the child.

N.C. Gen. Stat. § 50-13.5(j) (2001).

On 1 June 2001, the trial court denied and dismissed plaintiff's claims for visitation, custody and injunctive relief and dismissed her motion in the cause.

[1] By plaintiff's first assignment of error, she contends the trial court erred in dismissing her visitation claim under Rule 12(b)(6) because genuine issues of material fact existed regarding whether defendant and the children were an "intact family." We disagree.

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the trial court must take all of the allegations of the complaint as true. *Affordable Care, Inc. v. N.C. State Bd. of Dental Exam'rs*, 153 N.C. App. 527, 571 S.E.2d 52 (2002). However, the trial court must also draw its own legal conclusions from the facts, which may differ from those advocated by plaintiff. *Id.* at 57.

We note that where one parent is deceased, the surviving parent has a natural and legal right to custody and control of the minor children. *Comer v. Comer*, 61 N.C. App. 324, 300 S.E.2d 457 (1983). This right is not absolute, but it may be interfered with or denied "only for the most substantial and sufficient reasons, and is subject to judicial control only when the interests and welfare of the children clearly require it." Id. at 327, 300 S.E.2d at 459 (citing *James v. Pretlow*, 242 N.C. 102, 104, 86 S.E.2d 759, 761 (1955)). *See also Price v. Howard*, 346 N.C. 68, 484 S.E.2d 528 (1997).

Section 50-13.1(a) provides:

Any parent, relative, or other person, agency, organization or institution claiming the right to custody of a minor child may institute an action or proceeding for the custody of such child, as hereinafter provided. Unless a contrary intent is clear, the word "custody" shall be deemed to include custody or visitation or both.

N.C. Gen. Stat. § 50-13.1(a) (2001). Pursuant to this section, a grandparent may institute an action for custody of his or her grandchild, but the statute does not grant grandparents the right to sue for visitation when no custody proceeding is ongoing *and* the minor children's family is intact. *McIntyre v. McIntyre*, 341 N.C. 629, 635, 461 S.E.2d 745, 750 (1995).

Plaintiff argues that the circumstances here sufficiently diverge from those in *McIntyre, Price v. Howard*, 346 N.C. 68, 484 S.E.2d 528 (1997); *Montgomery v. Montgomery*, 136 N.C. App. 435, 524 S.E.2d 360 (2000); and *Fisher v. Gaydon*, 124 N.C. App. 442, 477 S.E.2d 251 (1996), *rev. denied*, 345 N.C. 640, 483 S.E.2d 706 (1997) so as to warrant a different result. In that line of cases, the non-custodial parent was the one who died. Here, it is the custodial parent who died, with the non-custodial parent not having the children in his physical control either immediately before or after the death. While we may sympathize with the distinction, and however harsh the result, the precise wording in those cases does not even allow us to reach the issue of whether the family here was intact.

Grandparents' right to visitation is dependent on there either being an ongoing case where custody is an issue between the parents or a finding that the parent or parents are unfit. *Price v. Breedlove*, 138 N.C. App. 149, 530 S.E.2d 559, *rev. denied*, 353 N.C. 268, 546 S.E.2d 111 (2000). Upon the death of the mother in the instant case, the ongoing case between the mother and father ended. *McIntyre v. McIntyre, supra.* Consequently, there was no on-going custody action when plaintiff filed her motion to intervene.

Plaintiff argues a further distinction by noting she did not appeal the dismissal of her motion to intervene in Case Number 98 CVD 15717. However, by filing a new complaint requesting custody, and through notice pleading and agreement also asking for visitation, she claims a right to visitation where the family is not intact or where a parent is shown to be unfit. Nonetheless, as aforementioned, whether

a family is intact, standing alone, is an irrelevant issue for this claim. The fact that the trial court specifically stated that its jurisdiction in the original action ended 5 January 2001, after the filing of plaintiff's complaint, in no way relieves plaintiff of her burden to allege and prove unfitness. *See Price v. Breedlove, supra; McIntyre v. McIntyre, supra.*

**[2]** By her second assignment of error, plaintiff contends the trial court erred in dismissing her custody claim pursuant to Rule 12(b)(6). Specifically, she insists she has alleged types of conduct which are inconsistent with defendant's status as a parent. We disagree.

Our courts recognize "the general principle that because of the strength and importance of the parents' constitutionally protected interests, those interests must prevail against a third party unless the court finds that the parents are unfit or have neglected the welfare of their children." *Price v. Howard, supra.* This Court stated in *Penland v. Harris*, 135 N.C. App. 359, 362, 520 S.E.2d 105, 107 (1999):

> We read *Price* as broadening the rule of *McIntyre* by requiring that a third party, including a grandparent, who seeks custody of a minor child as against the child's natural parent, must allege facts sufficient to show that the natural parent has acted in a manner inconsistent with his or her constitutionally protected status.

The complaint here fails to sufficiently allege acts that would constitute "unfitness, neglect, [or] abandonment," or any other type of conduct so egregious as to result in defendant's forfeiture of his constitutionally protected status as a parent. *Price v. Howard*, 346 N.C. 68, 79, 484 S.E.2d 528, 534 (1997). It merely alleges that defendant has been "estranged from the children for some time and currently only enjoys limited visitation with the minor children." The rest of the complaint focuses on plaintiff's role in the children's lives, and asserts that remaining with her is in their best interests. Such allegations fall short of establishing that defendant acted in a manner inconsistent with his protected status. A best interests analysis is not appropriate absent such a finding. *See* N.C. Gen. Stat. § 50-13.2(a); *Price v. Howard*, 346 N.C. 68, 484 S.E.2d 528 (1997).

In fact, defendant pursued a modification in custody after he claimed he was denied visitation by Sharon and her boyfriend. The trial court in 98 CVD 15717 made several findings of fact that the mother and her boyfriend had denied defendant visitation. Further,

defendant sought custody of the children immediately after Sharon went into a coma.

The complaint here is insufficient to state a claim under N.C. Gen. Stat. § 50-13.1(a) on behalf of plaintiff for custody of defendant's minor children. We therefore affirm the trial court's order dismissing plaintiff's visitation and custody claims.

AFFIRMED.

Judges WALKER and McGEE concur.