ARIADNE EAKETT, Plaintiff v. DAVID EAKETT, Defendant v.
GEORGE THOMAS EAKETT, Intervenor

No. COA02-936

(Filed 6 May 2003)

**Child Support, Custody, and Visitation— custody—grandparent's motion to intervene—lack of standing**

The trial court did not abuse its discretion by denying a grandparent-intervenor the right to proceed with the merits of his request for visitation with his grandson where the motion to intervene came over a year after custody was awarded to the child's mother and did not allege the absence of an intact family. N.C.G.S. § 50-13.5(j).

EAKETT v. EAKETT

[157 N.C. App. 550 (2003)]

Appeal by intervenor from order entered 5 June 2002 by Judge Robert S. Cilley in Henderson County District Court. Heard in the Court of Appeals 14 April 2003.

*Robert E. Riddle, P.A., by Diane K. McDonald, for intervenor-appellant.*

*Blanchard, Bowen, Newman and Justice, by Ronald G. Blanchard and Ronald E. Justice, for plaintiff-appellee.*

EAGLES, Chief Judge.

Intervenor George Thomas Eakett appeals from the trial court's order dismissing his motion requesting visitation rights with his grandchild. Intervenor's sole argument on appeal is that the trial court abused its discretion by denying intervenor the right to proceed with the merits of his request for visitation. After careful review of the record and briefs, we affirm.

Plaintiff Ariadne Eakett married defendant David Eakett on 12 June 1996. During their marriage, plaintiff and defendant had one child, Oscar Wilde Eakett, born on 2 June 1999. Plaintiff and defendant separated on 17 August 1999. Plaintiff filed a complaint for custody of Oscar, child support and divorce from bed and board on 18 August 1999. Defendant did not appear and was not represented at the hearing on plaintiff's complaint. Plaintiff was awarded custody of Oscar by the trial court's order dated 30 September 1999.

Intervenor is Oscar's paternal grandfather and defendant's father. Intervenor cared for Oscar several days a week while plaintiff worked in Asheville. Plaintiff worked in the Asheville area after plaintiff and defendant's separation. Approximately three months after the separation, plaintiff ended her employment in Asheville. After plaintiff stopped working in Asheville, she refused to allow intervenor any contact with his grandson.

On 15 April 2002 intervenor moved to intervene and also filed a motion in the cause seeking visitation rights. The trial court granted the motion to intervene, but denied the motion in the cause on 5 June 2002. Intervenor appeals.

Intervenor argues that the trial court misapplied the law by requiring intervenor to allege and prove that plaintiff and Oscar were not an intact family or that the underlying custody controversy had become active. According to intervenor's interpretation,

G.S. § 50-13.5(j) allows grandparents to intervene and request visitation even when the custody of a minor child has been determined and no ongoing custody dispute exists. Intervenor argues that upon a showing of changed circumstances, the grandparent should be awarded visitation under G.S. § 50-13.5(j) in the discretion of the trial court. We disagree.

Intervenor argues that the trial court erred by granting the motion to dismiss for failure to allege a claim upon which relief could be granted. Dismissal of a complaint is appropriate "(1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint on its face reveals the absence of fact sufficient to make a good claim; (3) when some fact disclosed in the complaint necessarily defeats plaintiff's claim." *Jackson v. Bumgardner*, 318 N.C. 172, 175, 347 S.E.2d 743, 745 (1986) (citing *Oates v. JAG, Inc.*, 314 N.C. 276, 333 S.E.2d 222 (1985)). When a court considers a motion to dismiss, "all allegations of the complaint are deemed true." *Shaut v. Cannon*, 136 N.C. App. 834, 835, 526 S.E.2d 214, 215 (2000) (citing *Grant v. Insurance Co.*, 295 N.C. 39, 243 S.E.2d 894 (1978)). Here, intervenor's complaint did not state a cause of action even if all of the allegations in the complaint are taken as true. Accordingly, we affirm the trial court's order dismissing intervenor's motion in the cause for visitation privileges.

Four North Carolina statutes empower grandparents to request visitation rights in different circumstances. G.S. § 50-13.1(a) grants grandparents the broad privilege to institute an action for custody or visitation, as allowed in G.S. §§ 50-13.2(b1), 50-13.2A, and 50-13.5(j). G.S. § 50-13.2(b1) allows grandparents to receive visitation privileges as part of an ongoing custody dispute. G.S. § 50-13.2A permits a biological grandparent to request visitation with the grandchild if the grandchild is adopted by a stepparent or relative of the child, provided the child and grandparent have a substantial relationship.

The fourth statute, G.S. § 50-13.5(j), is at issue here. The statute reads, in pertinent part:

In any *action in which the custody of a minor child has been determined*, upon a motion in the cause and a showing of changed circumstances pursuant to G.S. 50-13.7, the grandparents of the child are entitled to such custody or visitation rights as the court, in its discretion, deems appropriate.

G.S. § 50-13.5(j)(2001) (emphasis added). Intervenor contends that this statute allows him to intervene and petition the court for visita-

tion privileges with his grandson. Intervenor's suggested interpretation of G.S. § 50-13.5(j) does not agree with the long-standing public policy of North Carolina. Our Supreme Court held that the four aforementioned statutes only apply in very limited situations: "Under [G.S. §§ 50-13.1(a), 50-13.2(b1), 50-13.2A, and 50-13.5(j)], a grandparent's right to visitation arises either in the context of an ongoing custody proceeding or where the minor child is in the custody of a stepparent or a relative." *McIntyre v. McIntyre*, 341 N.C. 629, 634, 461 S.E.2d 745, 749 (1995). This public policy has been designated the "intact family" rule. *See McDuffie v. Mitchell*, 155 N.C. App. 587, 573 S.E.2d 606 (2002); *Price v. Breedlove*, 138 N.C. App. 149, 530 S.E.2d 559, *disc. rev. denied*, 353 N.C. 268, 546 S.E.2d 111 (2000); *Shaut v. Cannon*, 136 N.C. App. 834, 526 S.E.2d 214 (2000); *Montgomery v. Montgomery*, 136 N.C. App. 435, 524 S.E.2d 360 (2000); *Penland v. Harris*, 135 N.C. App. 359, 520 S.E.2d 105 (1999) and *Hill v. Newman*, 131 N.C. App. 793, 509 S.E.2d 226 (1998). In a case that does not involve adoption by a stepparent or other relative, a grandparent must prove that the child's family is not intact before the grandparent can intervene to request visitation with his grandchild. *See McDuffie*, 155 N.C. App. at 590, 573 S.E.2d at 608 ("[T]he statute does not grant grandparents the right to sue for visitation when no custody proceeding is ongoing *and* the minor children's family is intact.") (emphasis in original). *See also Montgomery*, 136 N.C. App. at 437, 524 S.E.2d at 362 ("[G]randparents have standing to seek visitation with their grandchildren when those children are not living in a *McIntyre* 'intact family.' ").

When grandparents initiate custody lawsuits under G.S. § 50-13.1(a), those grandparents are not required to prove the grandchild is not living in an intact family in order to gain custody. *See McDuffie; Sharp v. Sharp*, 124 N.C. App. 357, 477 S.E.2d 258 (1996). Instead, the grandparent must show that the parent is unfit or has taken action inconsistent with her parental status in order to gain custody of the child. *See Petersen v. Rogers*, 337 N.C. 397, 445 S.E.2d 901 (1994); *Sharp*, 124 N.C. App. 357, 477 S.E.2d 258. The requirement to show unfitness if a grandparent initiates a custody dispute is consistent with a parent's constitutionally protected right to the care, custody and control of the child. *Troxel v. Granville*, 530 U.S. 57, 147 L. Ed. 2d 49 (2000); *Price v. Howard*, 346 N.C. 68, 484 S.E.2d 528 (1997) and *Petersen v. Rogers*, 337 N.C. 397, 445 S.E.2d 901 (1994). The requirement to show unfitness protects the parent's right to control with whom his child associates on a daily basis.

EAKETT v. EAKETT

[157 N.C. App. 550 (2003)]

Similarly, the intact family rule protects the parental right "to determine with whom [her] children shall associate." *Sharp*, 124 N.C. App. at 360, 477 S.E.2d at 260 (quoting *Petersen*, 337 N.C. 397, 445 S.E.2d 901 (1994)). A grandparent cannot initiate a lawsuit for visitation rights unless the child's family is already undergoing some strain on the family relationship, such as an adoption or an ongoing custody battle. The grandparent is a third party to the parent-child relationship. Accordingly, the grandparent's rights to the care, custody and control of the child are not constitutionally protected while the parent's rights are protected. Intervenor's interpretation of the statute would authorize interference with those constitutionally protected parental rights. Under intervenor's proposed reading of G.S. § 50-13.5(j), any custody order entered by a trial court could be re-opened upon a grandparent's motion asserting that he or she was not authorized enough visitation with his or her grandchildren. Although intervenor's interpretation might produce a stronger grandparent-grandchild relationship, it would provide a mechanism by which a grandparent could disrupt a stable family where no disruption previously existed.

Intervenor contends that he was not allowed to present evidence on the question of whether his grandchild lived in an intact family. In fact, no action had been taken in reference to the child's custody for over one year before intervenor filed his complaint. The most recent court action was the order awarding custody to plaintiff. A single parent and her child can constitute an "intact family" for the purposes of this rule. *See Fisher v. Graydon*, 124 N.C. App. 442, 477 S.E.2d 251 (1996), *disc. rev. denied*, 345 N.C. 640, 483 S.E.2d 706 (1997). In his complaint, intervenor did not allege that his grandchild was not part of an "intact family." Because of this failure, intervenor's complaint failed to state a claim upon which relief could be granted. No hearing upon a change of circumstances under G.S. § 50-13.5(j) was necessary.

Intervenor's failure to allege the absence of an "intact family" in his complaint meant that intervenor lacked standing to intervene. Accordingly, that portion of the trial court's order allowing intervenor's motion to intervene is reversed. We affirm the remainder of the trial court's order, which dismissed intervenor's motion in the cause for visitation.

Affirmed in part, reversed in part.

Judges HUNTER and CALABRIA concur.