**IN RE A.S.**

[229 N.C. App. 198 (2013)]

IN THE MATTER OF A.S., III

No. COA13-42

Filed 20 August 2013

**Appeal and Error—mootness—appeal dismissed**

Respondent father's appeal from an Adjudication-Disposition Order was dismissed as moot following the trial court's subsequent Review Order.

Appeal by respondent-father from order filed 27 September 2012 by Judge Nancy E. Gordon in Durham County District Court. Heard in the Court of Appeals 8 May 2013.

*Assistant Appellate Defender J. Lee Gilliam for respondent-father appellant.*

*Assistant County Attorney Robin K. Martinek for Durham County Department of Social Services appellee.*

*Appellate Counsel Tawanda Foster for guardian ad litem appellee.*

McCULLOUGH, Judge.

This appeal stems from an Adjudication-Disposition Order entered by the trial court on 27 September 2012, concerning four children with the same mother but different fathers. Respondent-father, the father of one of the children, appeals. For the following reasons, we dismiss the appeal.

## I. Background

The child whose welfare is at stake in this appeal, A.S. III, was born 24 November 2008. At that time, respondent-father and A.S. III's mother were in a serious relationship and had lived together in Durham County for approximately one year. In February 2009, approximately 3 months after the birth of A.S. III, respondent-father lost his job, enlisted in the military, and left for boot camp. During the time respondent-father was away at boot camp, the mother began a relationship with another man and became pregnant, ending respondent-father's and the mother's relationship.

Upon respondent-father's completion of boot camp, respondent-father moved to Colorado Springs, Colorado, where he was stationed. Respondent-father began a year-long deployment to Afghanistan in

June 2011 and returned in June 2012. Despite respondent-father's relocation to Colorado Springs and deployment, respondent-father kept in contact with A.S. III through telephone calls and visits while on leave. Additionally, respondent-father remained up to date on all support obligations through the entry of the 27 September 2012 Adjudication-Disposition Order giving rise to this appeal.

On 18 February 2012, while respondent-father was deployed, a domestic altercation occurred between the mother and her boyfriend. Police responded to the incident. As a result of comments by the mother indicating that she was going to harm herself, police transported the mother to the hospital for evaluation. While hospitalized, the mother tested positive for marijuana, cocaine, and opiates. Durham County Department of Social Services ("DSS") received a report on the domestic incident on 21 February 2012. At that time, DSS chose not to take action regarding A.S. III, because A.S. III was safely in the custody of his maternal grandmother.

On 23 May 2012, the maternal grandmother reported to DSS that the mother threatened to remove A.S. III and his siblings from her care. As a result, on 4 June 2012, DSS filed a petition alleging A.S. III and his siblings were neglected and dependent. An adjudication hearing began on 3 August 2012 and concluded on 29 August 2012 with the trial court adjudicating the children neglected. A disposition hearing then began immediately following adjudication and concluded on 30 August 2012. Respondent-father was present.

As noted above, the trial court entered an Adjudication-Disposition Order on 27 September 2012. In regard to A.S. III, the trial court concluded that A.S. III was neglected and that the mother and respondent-father had acted inconsistent with their constitutionally protected parental rights. The trial court then determined it was in A.S. III's best interest that respondent-father have legal custody of A.S. III while the maternal grandmother maintain physical custody of A.S. III. Additionally, the court granted respondent-father unsupervised visitation and ordered respondent-father to "maintain a cell phone where he can [be] reached for legal decision about [A.S. III] within one half hour and complete a parenting class."

Respondent gave notice of appeal from the Adjudication-Disposition Order on 26 October 2012.

## II. Analysis

On appeal, respondent-father raises the following issues regarding the trial court's 27 September 2012 Adjudication-Disposition Order:

IN RE A.S.

[229 N.C. App. 198 (2013)]

whether the trial court erred in (1) concluding he acted inconsistent with his constitutionally protected parental rights; (2) awarding him legal custody but physically placing A.S. III with the maternal grandmother; (3) failing to establish a definitive visitation schedule; and (4) ordering him to attend parenting classes without verifying classes were available in Colorado Springs. Although we recognize respondent-father's arguments have some merit, we do not reach the issues on appeal as they are moot following the trial court's 11 March 2013 Review Order.

In state courts, the general refusal to decide moot cases is a form of judicial restraint. *In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978). As explained by our Supreme Court,

> Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law.

> Unlike the question of jurisdiction, the issue of mootness is not determined solely by examining facts in existence at the commencement of the action. If the issues before a court or administrative body become moot at any time during the course of the proceedings, the usual response should be to dismiss the action.

*Id.* at 147-48, 250 S.E.2d at 912 (citations omitted).

In juvenile cases, adjudication and disposition orders are not final but subject to review and modification based on the continuing circumstances of each case. *See generally* N.C. Gen. Stat. Chapter 7B (2011).

In this case, on 11 January 2013, DSS filed a motion pursuant to N.C. Gen. Stat. § 7B-1000(a) seeking review and modification of the trial court's disposition as it related to A.S. III. On 23 January 2013, an Order for Nonsecure Custody was filed placing A.S. III in nonsecure custody with DSS, approving placement with A.S. III's maternal grandmother, and scheduling the matter for further hearing on 30 January 2013 to determine the need for continued nonsecure custody. A review hearing of the 27 September 2012 Adjudication-Disposition Order was then held on 30 January 2013 as required by N.C. Gen. Stat. § 7B-906. Respondent-father was not present.

The trial court filed a Review Order on 11 March 2013 modifying the

previous disposition. Pertinent to this appeal, the trial court made the following findings:

> 19. [Respondent-father] . . . lives in Colorado Springs, Colorado. At last contact with . . . DSS, [respondent-father] was in the military and had been married for four years. [Respondent-father] has not had contact with [the social worker] since November 2012. The social worker has made numerous attempts to contact [respondent-father] during December 2012, but [respondent-father] has not responded to her calls. The social worker called Colorado Department of Health and Human Services, and they were not able to locate him at his listed address. The phone number [respondent-father] previously provided is no longer a working number. The social worker has contacted the military base [respondent-father] was stationed at, and [respondent-father] is no longer stationed at that base. [Respondent-father] has an order garnishing his military wages for child support nevertheless no child support has been received in since October 2012. These changes lead this Court to believe that [respondent-father] is no longer serving in the military and that his present whereabouts and circumstances are unknown.

> 20. The Mother reports that she has had contact with [respondent-father], but he has not inquired about [A.S. III]. The Mother has not been able to provide [respondent-father's] new number to the social worker.

> . . . .

> 25. [Respondent-father] has not visited [A.S. III] since October 2012, and has not had phone contact since November 2012. [Respondent-father] has visited his child one time at the daycare since the Adjudication-Disposition hearing in October 2012.

> 26. By failing to maintain contact with . . . DSS and his child, by failing to notify DSS about the apparent changes in his housing, contact information and employment, and not participating in and taking advantage of the opportunities to visit with his child, [A.S. III], both in Durham and in Colorado, respondent-father has acted inconsistent with his parental rights.

Based on these findings and pursuant to the trial court's authority to review custody orders, *see* N.C. Gen. Stat. § 7B-1003(b)(1) (2011) (Providing that a trial court shall "[c]ontinue to exercise jurisdiction and conduct hearings under this Subchapter with the exception of Article 11 of the General Statutes" and "[e]nter orders affecting the custody or placement of the juvenile as the court finds to be in the best interests of the juvenile[,]" pending disposition of an appeal[]), the trial court then determined it was in the best interest of A.S. III that DSS have legal custody while A.S. III's maternal grandmother maintain physical custody. Additionally, the trial court altered respondent-father's visitation to allow supervised visitation.

As a result of the trial court's additional findings concerning respondent-father's disregard for A.S. III and the trial court's 27 September 2012 Adjudication-Disposition Order, and as a result the trial court's modifications to custody and visitation, a determination by this Court of the issues now on appeal will have no practical effect. Consequently, the issues are moot. *See Roberts v. Madison County Realtors Ass'n*, 344 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996) ("A case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.").

Despite the fact that the issues on appeal are moot, "our appellate courts recognize at least five exceptions to the general rule that moot cases should be dismissed." *In re Investigation Into Injury of Brooks*, 143 N.C. App. 601, 604, 548 S.E.2d 748, 751 (2001). Although respondent-father contends that the issues on appeal are not moot, respondent-father argues in the alternative that, if the issues are moot, the exceptions to the mootness doctrine for issues that involve collateral legal consequences are capable of repetition yet evading review, or concern matters in the public interest, apply. We disagree and hold the exceptions inapplicable in the present case.

First, in regard to collateral legal consequences, respondent-father is correct that a finding that a parent has acted inconsistent with his parental rights may have collateral legal consequences in later actions. Nevertheless, in the present case, a reversal of the 27 September 2012 Adjudication-Disposition Order will have no practical effect, because the trial court made additional findings in the 11 March 2013 Review Order that respondent-father had acted inconsistently with his rights as a parent by failing to maintain contact with A.S. III and disobeying the 27 September 2012 Adjudication-Disposition Order. Second, in regard to the exception for cases capable of repetition yet evading review, the reason the appeal in the present case is moot is not because the

**IN RE A.S.**

[229 N.C. App. 198 (2013)]

challenged action is too short in duration to be fully litigated on appeal, but because respondent-father disregarded the 27 September 2012 Adjudication-Disposition Order, resulting in a change in circumstances warranting modification of the prior disposition. Lastly, in regard to the public interest exception, respondent-father argues that this case presents the opportunity for this Court to determine what actions service members must undertake while deployed in order to avoid forfeiting their constitutionally protected rights as parents. Although we recognize that service members face unique circumstances when deployed, we refuse to establish a minimum standard of care by which service members may fulfill their parental responsibilities. As this Court has recognized, "[t]here is no bright line rule to determine what conduct on the part of a natural parent will result in a forfeiture of the constitutionally protected status[.]" *Penland v. Harris*, 135 N.C. App. 359, 362, 520 S.E.2d 105, 107 (1999).

### III. Conclusion

For the reasons discussed above, we will not address the moot arguments of respondent-father, who has demonstrated a lack of interest in A.S. III and disregarded the trial court's Adjudication-Disposition Order. Therefore, we dismiss respondent-father's appeal from the 27 September 2012 Adjudication-Disposition Order.

Dismissed.

Judges CALABRIA and STEELMAN concur.