In Re: MARK KEY, ATTORNEY

No. COA06-498

(Filed 17 April 2007)

### 1. Jurisdiction— subject matter—same argument already presented and dismissed

Although respondent attorney contends the trial court erred by concluding it had subject matter jurisdiction to enter a judgment of attorney discipline, this argument is virtually identical to his first argument presented in a prior Court of Appeals case and is dismissed for the same reasons as in that opinion.

### 2. Attorneys— violation of Rules of Professional Conduct— withdrawal from representation

The trial court did not err by concluding that respondent attorney violated Rule 1.16 of the Revised Rules of Professional Conduct, because: (1) this argument violates N.C. R. App. P. 28(b)(6) by failing to have any references to the assignments of error upon which it is based; (2) even if this argument had been properly preserved, there was competent evidence in the record to support the trial court's finding that on 10 October 2005, respondent did willfully fail to appear and remain at a scheduled court hearing in which he was counsel of record; (3) respondent's telephone call to the clerk's office of his intent to withdraw from representation based on the fact that he was not paid was not compliant with applicable law requiring notice to or permission of a tribunal when terminating a representation; and (4) respond-

ent gave no notice to his client of his intent to withdraw until they were at the courthouse for the 10 October 2005 hearing, which did not comply with the requirement of reasonable warning before withdrawal.

**3. Judges— recusal—bias or prejudice—absence of motion by a party**

The trial judge did not exhibit bias and prejudice toward respondent attorney, and was not required to recuse himself ex mero motu, because: (1) respondent makes no argument, nor does he cite any authority, for the proposition that the judge should have recused himself ex mero motu, and thus this portion of the argument is deemed abandoned; and (2) while Canon 3D of the Code of Judicial Conduct encourages a judge to recuse himself in cases where his impartiality may reasonably be questioned upon his own motion, he is not required to do so in the absence of a motion by a party.

**4. Attorneys— civil discipline order—suspension of attorney's right to practice in county courts**

The trial court did not abuse its discretion by providing as a sanction the suspension of the right of an attorney to practice in the trial courts of Wake County for a period of one year, because: (1) the State Bar has authority to discipline attorneys under the provisions of Chapter 84 of the General Statutes whereas the trial judges have inherent powers of the court to deal with its attorneys; and (2) although the sanction was severe, respondent willfully abandoned his client at her probation hearing on 10 October 2005; he refused to represent her when confronted with his ethical and legal obligations by the trial judge; he made comments questioning the authority of the trial court, he stated that he "didn't give a s—" what the trial judge did; and he behaved rudely toward the courtroom clerk.

Appeal by respondent from judgment entered 16 November 2005 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 12 December 2006.

*Mark A. Key, pro se respondent-appellant.*

*David R. Johnson, Deputy Counsel to the North Carolina State Bar, for appellee.*

STEELMAN, Judge.

A trial court has the inherent power to discipline attorneys separate and apart from the North Carolina State Bar. The sanction of suspension of the right of an attorney to practice in the trial courts of Wake County for a period of one year was not an abuse of discretion by the trial judge.

The facts of this case are recited in detail in the opinion for the case *State v. Key*, 182 N.C. App. 624, 643 S.E.2d 444 (2007), and are not repeated here. This case is the appeal of the Civil Judgment of Attorney Discipline, rather than the Judgment of Criminal Contempt. Judge Stephens found that the conduct of attorney Mark Anthony Key ("Key") was in violation of Rule 1.16 of the Revised Rules of Professional Conduct. The Judgment of Attorney Discipline suspended Key's privilege of appearing as counsel in the District and Superior Courts of Wake County for one year. From this judgment, Key appeals.

## I:  Subject Matter Jurisdiction

**[1]** In his first argument, Key contends that the trial court did not have subject matter jurisdiction to enter a judgment of attorney discipline because Tammy Faircloth's ("Faircloth") absconder violation was resolved before Judge Jones on 8 August 2005. Therefore, he argues there was nothing for Judge Haigwood to hear on 10 October 2005. We disagree.

This argument is virtually identical to Key's first argument presented in *State v. Key*, 182 N.C. App. 624, 643 S.E.2d 444. For the reasons stated in that opinion, we find this argument to be without merit.

## II:  Rules of Professional Conduct

**[2]** In his second argument, Key contends that he did not violate Rule 1.16 of the Revised Rules of Professional Conduct and that the trial court erred in finding a violation. We disagree.

We note initially that this argument is unaccompanied by any references to the assignments of error upon which it is based, in violation of N.C. R. App. P. 28(b)(6). The pertinent portion of this rule reads as follows:

> Each question shall be separately stated. Immediately following each question shall be a reference to the assignments of error

pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal. Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.

N.C. R. App. P. 28(b)(6) (2005).

This argument is deemed abandoned. *State v. Elliott*, 360 N.C. 400, 628 S.E.2d 735 (2006); *State v. McNeill*, 360 N.C. 231, 624 S.E.2d 329 (2006).

Even had this argument been properly preserved, it has no merit. The relevant portions of N.C. Rev. R. Prof. Conduct 1.16 are as follows:

Rule 1.16 Declining or terminating representation.

(b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client, or: . . .

(6) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled[.]

(c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

N.C. Rev. R. Prof. Conduct 1.16 (2005).

Key's argument is that the evidence presented was so "confusing, unclear and contradictory" that it could not support the trial court's decision. He then argues that the evidence, in fact, supports his position that no violation of Rule 1.16 took place.

In reviewing a trial court's findings of fact, our review is limited to whether there is competent evidence in the record to support the findings. *State v. Ripley*, 360 N.C. 333, 626 S.E.2d 289 (2006); *State v. Fowler*, 353 N.C. 599, 548 S.E.2d 684 (2001). It is irrelevant that the

evidence would also support contrary findings of fact. *State v. Phillips*, 151 N.C. App. 185, 565 S.E.2d 697 (2002). We note that Key does not argue that there is no competent evidence to support Judge Stephens' findings, only that there is evidence to support what Key asserts to have been the facts.

Key first argues that with respect to the absconder violation, he never had an attorney-client relationship with Faircloth, and therefore there was no need for him to withdraw from representation. We find there to be ample competent evidence in the record to support Judge Stephens' finding that Key made a general appearance on behalf of Faircloth at the 12 September 2005 hearing before Judge Bullock. This includes Key's own testimony where he freely admitted that by obtaining a continuance on 12 September 2005 that he became Faircloth's attorney of record.

Key next asserts that even if he made a general appearance, he nonetheless lacked the requisite intent to violate Rule 1.16(c). However, Key makes no argument pertaining to his intent, other than the bare assertion, and as such, this argument is deemed abandoned.

We further hold that there was competent evidence in the record to support Judge Stephens' finding that "on October 10, 2005 he did wilfully fail to appear and remain at a scheduled court hearing in which he was counsel of record."

Key next argues that if he made an appearance that he complied with Rule 1.16 by giving the court notice of his intent to withdraw in his telephone calls with the clerk on 10 October 2005. In effect, Key argues that when he told the clerk that he did not represent Faircloth because he had not been paid, this constituted notice to the court of his intent to withdraw from representation. We hold that this telephone call, in which Key merely denied representation, was not compliant "with applicable law requiring notice to or permission of a tribunal when terminating a representation." N.C. Rev. R. Prof. Conduct 1.16(c). We further note that Key gave no notice to Faircloth of his intent to withdraw until they were at the Wake County courthouse for the 10 October 2005 hearing. This clearly did not comply with the requirement of "reasonable warning" before withdrawal. Further, we hold that there is sufficient competent evidence in the record to support Judge Stephens' finding that Key's conduct was in violation of Rule 1.16. This argument is without merit.

### III: Judicial Recusal

[3] In his third argument, Key contends that Judge Stephens exhibited bias and prejudice towards Key, and should have recused himself, *ex mero motu*. We disagree.

We first note that Key makes no argument, nor does he cite any authority, for the proposition that Judge Stephens should have recused himself *ex mero motu*. As such, the portion of the argument pertaining to the duty to recuse *ex mero motu* is deemed abandoned.

We note that the Code of Judicial Conduct Canon 3, 2007 Ann. R. N.C. 445-47, does not impose an affirmative duty upon a trial judge to disqualify himself or herself, upon their own motion. Canon 3C(1) provides that: "On motion of any party, a judge should disqualify himself/herself in a proceeding in which the judge's impartiality may reasonably be questioned[.]" *Id.* at 446. Canon 3D provides that "[n]othing in this Canon shall preclude a judge from disqualifying himself/herself from participating in any proceeding upon the judge's own initiative." Code of Judicial Conduct Canon 3D, 2007 Ann. R. N.C. 447. While this provision certainly encourages a judge to recuse himself or herself in cases where his or her "impartiality may reasonably be questioned" upon their own motion, they are not required to do so in the absence of a motion by a party. Code of Judicial Conduct Canon 3, 2007 Ann. R. N.C. 446.

Key's argument is based upon the cases of *In re Robinson*, 37 N.C. App. 671, 247 S.E.2d 241 (1978) and *In re Dale*, 37 N.C. App. 680, 247 S.E.2d 246 (1978), and upon language contained in the Amended Show Cause Order entered by Judge Stephens on 28 October 2005.

In each of these cases, the respondent-attorney moved that the trial judge recuse himself, thus preserving the issue for appellate review. In the instant case, Key made no motion for Judge Stephens to recuse himself, and under N.C. R. App. P. 10(b)(1) this issue is not preserved for our review. *State v. Love,* 177 N.C. App. 614, 627-28, 630 S.E.2d 234, 243 (2006). Even though this case is a civil proceeding, we hold that *Love* is controlling on this issue.

Further, even if this issue were properly preserved for appellate review, it would be without merit. *See State v. Key,* 182 N.C. App. 624, 643 S.E.2d 444.

IN RE KEY

[182 N.C. App. 714 (2007)]

IV:  Reasonable Sanction

**[4]** In his fourth argument, Key contends that the sanction imposed by the trial court does not comply with the reasonableness standard enunciated by the North Carolina Supreme Court in the case of *N.C. State Bar v. Talford*, 356 N.C. 626, 576 S.E.2d 305 (2003). We disagree.

We first note that Key's assignment of error does not comport with his argument in his brief, which subjects this argument to dismissal. His assignment of error reads: "The court's ruling in paragraph #24 on the grounds that there was insufficient evidence to support it, the findings of fact does [sic] not support it and it was contrary to law." N.C. R. App. P. 10(c)(1) provides that:

> An assignment of error is sufficient if it directs the attention of the appellate court to the particular error about which the question is made, with clear and specific record or transcript references.

*Id.* Key's assignment of error does not direct this Court to the particular error complained of, nor does it contain any reference to the record or transcript. While it is highly questionable whether this assignment of error bears any relationship to Key's argument, we decline to dismiss this assignment of error for violations of the North Carolina Rules of Appellate Procedure.

Key argues that since Judge Stephens imposed the sanction of suspension of Key's ability to practice law in Wake County, he was required to make findings of fact concerning "(1) the harm or potential harm created by the attorney's misconduct, *and* (2) a demonstrable need to protect the public[,]" as required under *Talford* at 637-8, 576 S.E.2d at 313 (emphasis in original). He contends that in the absence of such findings, the sanction imposed was "unreasonable and inappropriate."

Key misapprehends the nature of the proceedings that took place before Judge Stephens. *Talford* was a proceeding before the North Carolina State Bar, not a proceeding where a trial court was exercising its inherent authority to discipline an attorney.

The State Bar has authority to discipline attorneys pursuant to the provisions of Chapter 84 of the General Statutes. The courts have the inherent authority to discipline attorneys. *Beard v. N.C. State Bar*, 320 N.C. 126, 130, 357 S.E.2d 694, 696 (1987).

Inherent power is that which a court necessarily possesses irrespective of constitutional provisions. Such power may not be abridged by the legislature and is essential to the court's existence and the orderly and efficient administration of justice.

*State v. Buckner*, 351 N.C. 401, 411, 527 S.E.2d 307, 313 (2000) (citation omitted). The existence of this inherent authority of the courts to discipline attorneys was recognized by the General Assembly in N.C. Gen. Stat. § 84-36, which provides: "Nothing contained in this Article shall be construed as disabling or abridging the inherent powers of the court to deal with its attorneys." *Id.*

"[T]he proper standard of review for an act of the trial court in the exercise of its inherent authority is abuse of discretion." *Couch v. Private Diagnostic Clinic*, 146 N.C. App. 658, 663, 554 S.E.2d 356, 361 (2001). "An abuse of discretion is a decision manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." *Briley v. Farabow*, 348 N.C. 537, 547, 501 S.E.2d 649, 656 (1998).

Sanctions available to a trial court in the discipline of an attorney include:

citations for contempt, censure, informing the North Carolina State Bar of the misconduct, imposition of costs, suspension for a limited time of the right to practice before the court, suspension for a limited time of the right to practice law in the State, and disbarment.

*Robinson* at 676, 247 S.E.2d at 244. We review the appropriateness of the sanction imposed under an abuse of discretion standard. *Couch* at 663, 554 S.E.2d at 361; *Dunn v. Canoy*, 180 N.C. App. 30, 48, 636 S.E.2d 243, 255 (2006).

Clearly, the sanction imposed in this case of a one year suspension from practicing law in Wake County is a severe one. In light of the facts that Key willfully abandoned Faircloth at her probation hearing on 10 October 2005, refused to represent her when confronted with his ethical and legal obligations by Judge Haigwood, made comments questioning the authority of the trial court, stated that he didn't "give a s— what he does" (referring to Judge Haigwood), and behaved rudely towards the courtroom clerk, we cannot say that the sanction imposed by Judge Stephens was an abuse of discretion.

This argument is without merit.

AFFIRMED.

Judges WYNN and HUNTER concur.