## SOOD v. SOOD

[222 N.C. App. 807 (2012)]

DIANE SOOD, Plaintiff v. AJIT BOBBY SOOD, Defendant

No. COA12-369

(Filed 18 September 2012)

**Appeal and Error—interlocutory order—writ of certiorari denied**

The Court of Appeals denied defendant's petition for writ of *certiorari* and dismissed his appeal from an interlocutory order in a temporary child custody case. Neither of the First Amendment issues that defendant raised were properly preserved for review.

Appeal by defendant from order entered on or about 17 January 2012 by Judge Michael K. Lands in District Court, Gaston County. Heard in the Court of Appeals 27 August 2012.

*Timothy T. Leach, for plaintiff-appellee.*

*Ajit Bobby Sood, pro se.*

STROUD, Judge.

Ajit Bobby Sood ("defendant") appeals from the trial court's temporary custody order. For the following reasons, we deny defendant's petition for writ of certiorari and dismiss his interlocutory appeal.

## I. Background

Diane Lynn Sood ("plaintiff") and defendant were married to each other on 7 February 2003 and have one child, born 12 September 2003. The couple separated in July 2011. Plaintiff filed a complaint in Gaston County on 15 July 2011 requesting primary custody of the minor child, a temporary custody order, equitable distribution, child support, and a psychological evaluation of defendant. On 29 November 2011, the trial court held a hearing regarding temporary custody. Defendant was represented by counsel at this hearing. The trial court entered a written order on 20 January 2012 granting the parties joint legal custody, with primary physical custody awarded to plaintiff.[1] Defendant timely filed written notice of appeal from the district court's temporary custody order on 14 February 2012.

---

1. We note that on 19 December 2011, defendant filed a motion for "A New Trial" pursuant to N.C. Gen. Stat. § 1A-1 Rules 59 and 60. Following the entry of the temporary custody order, defendant filed a motion to vacate the trial court's order and stay its judgment on 30 January 2012 pursuant to N.C. Gen. Stat. § 1A-1, Rules 60 and 62. There is no indication in the record of a ruling on these motions. *See* N.C.R. App. P. 10(a)(1).

SOOD v. SOOD

[222 N.C. App. 807 (2012)]

## II. Appeal from temporary custody order

On appeal, defendant asserts fourteen distinct issues. Since we conclude that this Court lacks jurisdiction to hear defendant's appeal from an interlocutory order, we do not reach the merits of his claims and dismiss his appeal.

"An order is either 'interlocutory or the final determination of the rights of the parties.' " *Hamilton v. Mortgage Information Services, Inc.,* _____ N.C. App. _____, _____, 711 S.E.2d 185, 188 (2011) (*quoting* N.C. Gen. Stat. § 1A-1, Rule 54(a)). "An interlocutory order . . . does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Id.* (citation omitted). There is, in general, "no right of immediate appeal from interlocutory orders[.]" *Goldston v. American Motors Corp.,* 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). Nevertheless, an interlocutory order

> is immediately appealable if (1) the order is final as to some claims or parties, and the trial court certifies pursuant to N.C.G.S. § 1A-1, Rule 54(b) that there is no just reason to delay the appeal, or (2) the order deprives the appellant of a substantial right that would be lost unless immediately reviewed.

*Currin & Currin Const., Inc. v. Lingerfelt,* 158 N.C. App. 711, 713, 582 S.E.2d 321, 323 (2003) (quotation marks and citations omitted). The burden of showing that one of these exceptions applies rests on the appellant. *Hamilton,* _____ N.C. App. at _____, 711 S.E.2d at 189.

---

Although neither party has addressed the effect of these motions on defendant's appeal, we note that defendant's Rule 59 motion was untimely as it was filed on 19 December 2011, *before* the temporary custody order was entered. *See* N.C. Gen. Stat. § 1A-1, Rule 59(b); N.C.R. App. P. 3(c)(3). In fact, although defendant identified his motion as a motion for new trial under Rule 59, actually the motion states as its primary complaint the fact that an order had not yet been entered and continues on to address events which occurred between the parties *after* the hearing. It would probably be more appropriately treated as a motion in the cause regarding temporary custody based upon events occurring after the hearing. Defendant's Rule 60 and 62 motions would not prevent this Court from hearing defendant's appeal. *See N.C. State Bar v. Sossomon,* 197 N.C. App. 261, 271, 676 S.E.2d 910, 918 (2009) (stating that "[a]fter appeal, the trial court is without jurisdiction to grant relief under Rule 60." (citation omitted)); *Wilmington Star-News v. New Hanover Regional Medical Ctr.,* 125 N.C. App. 174, 183, 480 S.E.2d 53, 58 (stating that Rule 62(d) permits trial courts to stay orders pending appeal: "When an appeal is taken, the appellant may obtain a stay of execution, subject to the exceptions contained in section (a), by proceeding in accordance with and subject to the conditions of [G.S. 1-289 through 1-295]." (quoting N.C. Gen. Stat. § 1A-1, Rule 62(d)), *appeal dismissed,* 346 N.C. 557, 488 S.E.2d 826 (1997).

If the appellant fails to meet that burden, "we are required to dismiss that party's appeal on jurisdictional grounds." *Id.*

A temporary child custody order is normally

> interlocutory and does not affect any substantial right which cannot be protected by timely appeal from the trial court's ultimate disposition on the merits.

*Brewer v. Brewer*, 139 N.C. App. 222, 227, 533 S.E.2d 541, 546 (2000) (citations and ellipses omitted). A trial court's label of a custody order as "temporary" is not dispositive. *Id.* at 228, 533 S.E.2d at 546. A custody order is, in fact,

> temporary if either (1) it is entered without prejudice to either party, (2) it states a clear and specific reconvening time in the order and the time interval between the two hearings was reasonably brief; or (3) the order does not determine all the issues.

*Senner v. Senner*, 161 N.C. App. 78, 81, 587 S.E.2d 675, 677 (2003) (citations omitted).

Here, the temporary custody order was not entered without prejudice to either party and did not include a "clear and specific reconvening time." *See id.* However, the trial court did not determine all of the issues. In its order, the trial court specifically found that it lacked sufficient information to make vital findings of fact, particularly regarding the parties' mental conditions, as no psychological evaluation had yet been done, but there was evidence which indicated a need for this evaluation and the trial court ordered that such an evaluation be performed. In addition, the trial court explicitly left open the issue of defendant's child support arrearage and stated that child support would be recalculated "without a showing of a substantial change in circumstances" when "Plaintiff becomes employed." The order did specify a custodial schedule for holidays in some detail for the subsequent months (2011 Christmas and 2012 Spring Break), but it did not resolve holidays for the indefinite future. *See Regan v. Smith*, 131 N.C. App. 851, 852, 509 S.E.2d 452, 454 (1998) (observing that "[a] permanent custody order establishes a party's present right to custody of a child and that party's right to retain custody indefinitely."). Indeed, defendant concedes in his brief that the order "is temporary as to the issue of child custody[.]" Therefore, the order is interlocutory. *See Senner*, 161 N.C. App. at 81, 587 S.E.2d at 677 (noting that an order is interlocutory if it "does not determine all the issues.").

We further note that the temporary custody order contains no Rule 54(b) certification. *See Currin & Currin Const., Inc.*, 158 N.C. App. at 713, 582 S.E.2d at 323. However, defendant argues that even if the order is interlocutory, it does affect a substantial right because the trial court's order violated his First Amendment rights by granting custody of his child to plaintiff based solely on the fact that he is non-Christian and the trial judge, a Christian, was biased against him.

We first note that there is no indication in either brief that the trial judge's religious affiliation was ever mentioned prior or during the temporary custody hearing, although we do not have a transcript of the hearing. Based upon the record, it appears that defendant did not raise this issue until after entry of the temporary custody order, in his "Notice and Motion To Vacate Court's Order entered January 20, 2012 and For Emergency Stay of Execution."[2] Defendant attached to this motion various exhibits, including printouts of information from the trial judge's campaign Facebook page. The Facebook page notes Judge Lands's "Religious views" as "Christian" and identifies his church affiliation and the fact that he is a "Sunday School teacher." Under North Carolina Rules of Appellate Procedure 9(a)(1)(j) and 10(a)(1), it was improper for this information to be included in the record on appeal, as it was not ruled on or considered by the trial court in regard to any order which we are reviewing.[3] In the same motion, defendant identifies himself as Hindu, although plaintiff asserts that defendant's religious affiliation was not in evidence at the temporary custody hearing. However, as neither party has objected, and both have argued based upon defendant's claims in his motion, we will assume, at least for purposes of argument, that Judge Lands is Christian and defendant is Hindu.

Defendant is correct that this Court has found that orders "implicating a party's First Amendment rights affect[] a substantial right." *Mathis v. Daly*, 205 N.C. App. 200, 202, 695 S.E.2d 807, 810 (2010) (quotation marks and citations omitted). Generally, to preserve an issue for appeal, a party must raise the issue in the trial court. N.C.R. App. P. 10(a)(1). "A constitutional issue not raised at trial will gener-

---

2. As noted above, there is no indication in our record that the trial court ever ruled upon this motion. *See* N.C.R. App. P. 10(a)(1).

3. Although plaintiff's counsel notified defendant of various objections to the record on appeal by letter and by filing a "Notice of objection to Defendant's Proposed Record on Appeal," he failed to serve any proposed amendments or an alternative record, and neither party requested judicial settlement of the record on appeal. Thus, it appears that the contents of the record before us were determined entirely by defendant.

ally not be considered for the first time on appeal." *Anderson v. Assimos*, 356 N.C. 415, 416, 572 S.E.2d 101, 102 (2002) (citations omitted). This Court will consider constitutional questions not raised at trial "in exceptional circumstances . . . *only when* the issue is squarely presented upon an adequate factual record and *only when* resolution of the issue is necessary." *Id.* (citations and quotation marks omitted, emphasis in original). In this instance, the issue has been neither "squarely presented" nor is there *any* factual record, much less an "adequate factual record." Defendant failed to file a motion for the trial judge to recuse himself for any reason. In addition, defendant failed to include a transcript in the record, so we cannot determine if defendant properly preserved this issue for appeal by raising his First Amendment argument at trial or by mentioning any concern whatsoever regarding bias of the trial court. " 'Appellate review is based solely upon the record on appeal,' N.C.R. App. P. 9(a); it is the duty of the appellants to see that the record is complete." *CRLP Durham, LP v. Durham City/County Bd. of Adjustment*, \_\_\_\_ N.C. App. \_\_\_\_, \_\_\_\_, 706 S.E.2d 317, 322 (2011) (citations and quotation marks omitted)). Thus, defendant's First Amendment argument has not been properly preserved for appellate review by this Court. *See* N.C.R. App. P. 10(a)(1).

Defendant states in a conclusory manner that the trial court's order violated his First Amendment rights because the trial court discriminated against him based on his religious beliefs and was biased against him because of those beliefs. Even though he states that he asked his trial counsel to reschedule his hearing so that he would have a different trial judge, there is, as noted above, no indication that he made a motion for recusal prior to entry of the temporary custody order.[4] The North Carolina Code of Judicial Conduct sets forth instances in which a party's motion for recusal of a judge should

---

4. Defendant violates N.C.R. App. P. 9(a) by including in his argument facts which are not contained in the record on appeal. Certainly his conversations with his own counsel are not in our record. If not for the fact that plaintiff's counsel responds in kind, by also stating facts in her brief which are not contained in the record, we would impose a sanction upon defendant. Yet both parties deserve the same sanction in this regard. We will at least admonish both plaintiff and defendant that, should they appear before this Court again, they must heed the requirements of the North Carolina Rules of Appellate Procedure, particularly as to settlement of the record on appeal, content of the record on appeal, and confining their arguments to the facts contained in the record on appeal. We further admonish plaintiff's counsel that it is entirely improper for him to state, in the first person, his personal recollection of events at trial or after as part of his argument in an appellate brief. We also encourage defendant to heed the wisdom of our Supreme Court that "the old adage is true: 'A man who is his own lawyer has a fool for a client.' " *State v. Goff*, 205 N.C. 545, 552, 172 S.E. 407, 410 (1934).

be granted. Code of Judicial Conduct Canon 3(C), 2010 Ann. R. N.C. 518-19. Code of Judicial Conduct Canon 3(C), 2010 Ann. R. N.C. 518, specifically states that

> (1) On motion of any party, a judge should disqualify himself/herself in a proceeding in which the judge's impartiality may reasonably be questioned, including but not limited to instances where:

> (a) The judge has a personal bias or prejudice concerning a party
>   . . . .

The Code further

> notes that "[n]othing in this Canon shall preclude a judge from disqualifying himself/herself from participating in any proceeding upon the judge's own initiative." Code of Judicial Conduct Canon 3(D), 2010 Ann. R. N.C. 519. "While this provision certainly encourages a judge to recuse himself or herself in cases where his or her 'impartiality may reasonably be questioned' upon their [sic] own motion, they [sic] are not required to do so in the absence of a motion by a party." *In re Key*, 182 N.C. App. 714, 719, 643 S.E.2d 452, 456 (2007) (quoting Code of Judicial Conduct Canon 3, 2007 Ann. R. N.C. 446).

> "In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion[.]" N.C. R. App. P. 10(a)(1) (2009). When a party does not move for a judge's recusal at trial, the issue is not preserved for our review. *In re Key*, 182 N.C. App. at 719, 643 S.E.2d at 456 (citing *State v. Love*, 177 N.C. App. 614, 627-28, 630 S.E.2d 234, 243 (2006)).

*In re D.R.F.*, 204 N.C. App. 138, 144, 693 S.E.2d 235, 240 (footnote omitted), *disc. rev. denied*, 364 N.C. 616, 705 S.E.2d 358 (2010). This Court has held that an alleged failure to recuse is not considered an error automatically preserved under N.C.R. App. P. 10(a)(1). *Id.* Because defendant did not include a copy of the trial transcript in record, we cannot determine if defendant ever moved at trial to have the trial judge recuse himself. Where appellant failed to move that the trial judge recuse himself, he cannot later raise on appeal the judge's alleged bias based on an undesired outcome. Thus, neither of the First Amendment issues that defendant raises have been properly preserved for our review. Therefore, defendant cannot meet his burden to show that his interlocutory appeal affects a substantial right. *Hamilton*, _____ N.C. App. at _____, 711 S.E.2d at 189. Accordingly, this Court has no jurisdiction to hear his appeal. *See id.*

III. Writ of Certiorari

In the alternative, defendant requests that this Court treat his appeal as a petition for writ of certiorari and exercise our discretion under N.C.R. App. P. 21(a)(1) and grant his petition. This Court has the discretion to treat an appeal as a petition for certiorari in appropriate circumstances. *In re M.L.T.H.*, 200 N.C. App. 476, 481, 685 S.E.2d 117, 121 (2009). "A *writ of certiorari* will only be issued upon a showing of appropriate circumstances in a civil case where the right of appeal has been lost by failure to take timely action or where no right to appeal from an interlocutory order exists." *Harbin Yinhai Technology Development Co., Ltd. v. Greentree Financial Group, Inc.*, 196 N.C. App. 615, 620, 677 S.E.2d 854, 858 (2009) (emphasis in original, quotation marks and citations removed). Here, we have found that no right to appeal from an interlocutory order exists. In addition, defendant has failed to show appropriate circumstances for a writ of certiorari and we decline to exercise our discretion in granting the writ.

IV. Conclusion

Since we have concluded that this Court lacks jurisdiction to hear defendant's appeal from the interlocutory custody order and have declined to grant defendant a writ of certiorari, we must dismiss his appeal for want of jurisdiction.

DISMISSED.

Chief Judge MARTIN and Judge GEER concur.