IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-511

 Filed: 7 April 2020

Alamance County, No. 18CVD1960

WANDA GRAHAM and GEORGE L. GRAHAM, Plaintiffs,

 v.

STEPHANIE JONES, Defendant.

 Appeal by Defendant from order entered 16 November 2018 by Judge Larry D.

Brown, Jr., in Alamance County District Court. Heard in the Court of Appeals 4

December 2019.

 Fairman Family Law, by Kelly Fairman, for Plaintiffs-Appellees.

 North Carolina Central University School of Law Clinical Legal Education
 Program, by Nakia C. Davis, Esq., for Defendant-Appellant.

 COLLINS, Judge.

 Defendant appeals a custody order granting her full physical and legal custody,

care, and control of her minor child but granting the minor child’s grandparents

visitation. Defendant argues that the trial court erred by proceeding with a best

interest of the child analysis after granting Defendant full physical and legal custody,

care, and control of the child and, based on this analysis, erred by granting Plaintiffs

visitation with the child. For the reasons stated below, we reverse the trial court’s

order and dismiss the custody action.
 GRAHAM V. JONES

 Opinion of the Court

 I. Factual Background

 Wanda Graham and George L. Graham (“Plaintiffs”) are the paternal

grandparents1 of Abby.2 Abby was born on 8 February 2018 to Plaintiffs’ son,

Christopher Tice Butler, Jr. (“Christopher”), and Stephanie Jones (“Defendant”).

Christopher, Defendant, and Abby lived with Plaintiffs in Snow Camp, North

Carolina from the date of Abby’s birth until July 2018. In July and August 2018,

Christopher, Defendant, and Abby lived together in a rental apartment in North

Carolina with Defendant’s two other minor children.

 By Domestic Violence Protective Order (“DVPO”) entered 13 August 2018,

Defendant was found to have attempted to cause Christopher bodily injury on 6

August 2018 by slapping him while he was holding Abby. The DVPO prohibited

Defendant from having contact with Christopher, granted Christopher temporary

custody of Abby, and granted Defendant visitation with Abby for one hour per week.

The DVPO was to expire by its terms on 13 August 2019. Christopher and Abby

moved back into the Plaintiffs’ home. Defendant moved to Texas and did not exercise

her visitation with Abby.

 On 30 September 2018, Christopher passed away in an automobile accident.

Abby remained in Plaintiffs’ home. On 2 October 2018, Plaintiffs filed a complaint

 1 George L. Graham is Abby’s paternal step-grandfather.
 2 We use a pseudonym to protect the identity of the minor child. See N.C. R. App. P. 3.1(b).

 -2-
 GRAHAM V. JONES

 Opinion of the Court

pursuant to N.C. Gen. Stat. § 50-13.1(a) seeking “full legal custody of the minor child”

and “primary physical custody of the minor child on an emergency, temporary, and

permanent basis.” Plaintiffs alleged, inter alia, “Defendant stated she will be in the

jurisdiction on Thursday, October 4, 2018, to retrieve the child and remove her from

the jurisdiction”; “Defendant abandoned the minor child and moved to Floresville, TX

in August 2018 with no notice and has had minimal contact with Plaintiff[s]

regarding the welfare of the minor child”; “Defendant suffers from severe depression

and bi-polar disorder, for which she does not take her prescribed medication”;

“Defendant also cuts herself as a side effect of her mental disorders”; “Defendant has

been hospitalized in the psychiatric unit at Alamance Regional Medical Center due

to her mental disorders”; and “Defendant has acted inconsistently with her

constitutionally-protected status and custody should be granted to the Plaintiffs.” On

3 October 2018, the trial court entered an Ex Parte Order granting Plaintiffs custody

of Abby, prohibiting Defendant from removing Abby from Plaintiffs’ custody, and

setting a temporary custody hearing for 24 October 2018. On 15 October 2018,

Defendant filed an answer to the complaint.

 On 24 October 2018, the parties appeared for the temporary custody hearing

in Alamance County District Court. After the hearing, the trial court took the matter

under advisement. On 26 October 2018, the trial court gave an oral ruling from the

bench. The oral ruling was reduced to writing and entered on 16 November 2018

 -3-
 GRAHAM V. JONES

 Opinion of the Court

(“Custody Order”). In the Custody Order, the trial court made sixty-three findings of

fact and, based upon those findings, concluded, inter alia:

 6. That the court is not considering the best interest of the
 minor child standard at this posture of the case.
 7. Defendant is not an unfit parent.
 8. Defendant has not abandoned her daughter.
 9. That the minor child has not been neglected by
 Defendant.
 10. That Defendant has not acted in a manner inconsistent
 with her constitutionally protected right as a parent.
 11. That Defendant is a fit and proper person to have full
 physical and legal custody of the minor child.
 12. That it is in the best interest of the minor child to place
 full physical and legal custody with Defendant,
 Stephanie Jones.
 13. That Plaintiffs are fit and proper person[s] to have
 reasonable visitation with the minor child.
 14. That the Court has the authority to grant Plaintiffs
 reasonable visitation.
 15. That it is in the best interest of the minor child to have
 reasonable visitation with Plaintiffs, Wanda Graham
 and George Graham.

 The trial court thus ordered that Defendant have “full physical, legal, custody

care and control” of Abby, but that Plaintiffs should have visitation with Abby, who

was approximately nine months old at the time, as follows: (a) On the third weekend

of every month Plaintiffs have unsupervised visitation from Friday at 6 a.m. to

Monday at 6 a.m. The parties shall exchange the child at a neutral location half–way

between Plaintiffs’ home in North Carolina and Defendant’s home, which was in

 -4-
 GRAHAM V. JONES

 Opinion of the Court

Texas at that time; (b) Plaintiffs are permitted to video chat with Abby four times per

week, every Monday, Thursday, Friday, and Sunday, from 6:00 p.m. to 7:00 p.m.; and

(c) Plaintiffs have unsupervised visitation with Abby for a period of two uninterrupted

weeks during the summer. “The weeks shall be defined as 6:00[]a.m. on Monday to

6:00[]a.m. on Monday (14 days).”

 On 13 December 2018, Defendant filed notice of appeal.

 II. Discussion

 Defendant argues on appeal that the Custody Order is immediately appealable

as it is a permanent order. In the alternative, Defendant argues that the Custody

Order is immediately appealable as it affects a substantial right. Defendant further

argues that the trial court erred by proceeding with a best interest analysis after

granting Defendant full physical and legal custody, care, and control of Abby, and

erred by granting Plaintiffs visitation with Abby.

A. Immediate Appellate Review

 We first determine whether this appeal is properly before us. Defendant

argues that the Custody Order is immediately appealable because it (1) is a

permanent custody order and (2) affects a substantial right.

 1. Permanent Custody Order

 A party is generally not entitled to appeal from a temporary custody order

while a permanent custody order is immediately appealable. Brown v. Swarn, 257

 -5-
 GRAHAM V. JONES

 Opinion of the Court

N.C. App. 418, 422-23, 810 S.E.2d 237, 240 (2018) (citation omitted). “[A] temporary

or interlocutory custody order is one that does not determine the issues, but directs

some further proceeding preliminary to a final decree.” Smith v. Barbour, 195 N.C.

App. 244, 250, 671 S.E.2d 578, 583 (2009) (internal quotation marks and citation

omitted). “[W]hether an order is temporary or permanent in nature is a question of

law, reviewed on appeal de novo.” Id. at 249, 671 S.E.2d at 582 (citation omitted).

 A “temporary custody order[] establish[es] a party’s right to custody of a child

pending the resolution of a claim for permanent custody—that is, pending the

issuance of a permanent custody order.” Regan v. Smith, 131 N.C. App. 851, 852–53,

509 S.E.2d 452, 454 (1998) (citations omitted). In contrast, “[a] permanent custody

order establishes a party’s present right to custody of a child and that party’s right to

retain custody indefinitely. . . .” Id. “Generally, a child custody order is temporary if

. . . ‘(1) it is entered without prejudice to either party, (2) it states a clear and specific

reconvening time in the order and the time interval between the two hearings [is]

reasonably brief[,] or (3) the order does not determine all the issues.’” Kanellos v.

Kanellos, 251 N.C. App. 149, 153, 795 S.E.2d 225, 229 (2016) (quoting Senner v.

Senner, 161 N.C. App. 78, 81, 587 S.E.2d 675, 677 (2003)). If the order “does not meet

any of these criteria, it is permanent.” Peters v. Pennington, 210 N.C. App. 1, 14, 707

S.E.2d 724, 734 (2011) (citation omitted). “Further, it is the satisfaction of these

criteria, or lack thereof, and not any designation by a district court of an order as

 -6-
 GRAHAM V. JONES

 Opinion of the Court

temporary or permanent which controls.” Kanellos, 251 N.C. App. at 153, 795 S.E.2d

at 229 (citations omitted).

 a. Prejudice

 “An order is without prejudice if it is entered without loss of any rights; in a

way that does not harm or cancel the legal rights or privileges of a party.” Marsh v.

Marsh, 816 S.E.2d 529, 532 (N.C. Ct. App. 2018) (quotation marks, brackets, and

citation omitted). The Custody Order before us “granted full physical, legal, custody

care and control” of Abby to Defendant, with visitation to Plaintiffs. Unlike the Ex

Parte Order entered in this case which expressly stated, “This is a temporary order

and not prejudicial to either party[,]”the Custody Order does not contain express

language indicating that it was entered without prejudice to either party. See, i.e.,

Senner, 161 N.C. App. at 81, 587 S.E.2d at 677 (holding the custody order was entered

“without prejudice” because it contained express language stating as such).

Moreover, it is not clear from the plain language of the Custody Order that it was

entered without the loss of rights, or otherwise prejudicial to the legal rights of either

party. See Marsh, 816 S.E.2d at 532 (“Even though the trial court did not include

express language in the order stating it was entered ‘without prejudice,’ it is clear

from the plain language of the order that it was entered without the loss of rights, or

otherwise prejudicial to the legal rights of either party.”). To the contrary, the plain

 -7-
 GRAHAM V. JONES

 Opinion of the Court

language of the Custody Order indicates it was permanently adjudicating the parties’

rights with respect to Abby’s custody.

 b. Reconvening Time

 The Custody Order does not state a reconvening time. Kanellos, 251 N.C. App.

at 153, 795 S.E.2d at 229. Moreover, no language in the Custody Order indicates that

any further reconvening time is contemplated. The Custody Order grants “full

physical, legal, custody care and control” of Abby to Defendant and sets forth a

visitation schedule for Plaintiffs for the indefinite future. Furthermore, the Custody

Order encompasses future conduct, including “[t]hat the parties may mutually agree

to additional visitation[,]” and that Defendant shall continue her mental health

treatment and prescription medications.

 c. Determination of Issues

 As the trial court found in the Custody Order, “the question in this matter is a

question of whether the parent [Defendant] is unfit or acted in a manner that is

inconsistent with her constitutionally protected right as a parent.” The trial court

made extensive findings of fact, addressing, inter alia, Defendant’s mental health,

drug addiction, ability to provide financial support for Abby, the nature of Abby’s

relationship with Plaintiffs, and whether Defendant was a fit and proper parent who

had acted consistently with her constitutionally protected right as a parent.

 Based upon these findings, the trial court concluded, inter alia:

 -8-
 GRAHAM V. JONES

 Opinion of the Court

 7. Defendant is not an unfit parent.
 8. Defendant has not abandoned her daughter.
 9. That the minor child has not been neglected by
 Defendant.
 10. That Defendant has not acted in a manner inconsistent
 with her constitutionally protected right as a parent.
 11. That Defendant is a fit and proper person to have full
 physical and legal custody of the minor child.
 12. That it is in the best interest of the minor child to place
 full physical and legal custody with Defendant, Stephanie
 Jones.
The trial court accordingly ordered that Defendant “be granted full physical, legal,

custody care and control” of Abby. Thus, the Custody Order “determine[d] all the

issues.” Kanellos, 251 N.C. App. at 149, 795 S.E.2d at 229.

 Plaintiffs argue that the Custody Order is temporary because, as in Sood v.

Sood, 222 N.C. App. 807, 809, 732 S.E.2d 603, 606 (2012), it fails to determine a

holiday visitation schedule for Abby. In Sood, the trial court’s custody order granted

joint legal custody of the minor child to both biological parents and specified a

custodial schedule for the upcoming Christmas holiday and spring break, but did not

resolve the holiday custodial schedule for the indefinite future. Id. at 809, 732 S.E.2d

at 606. Based in part on the lack of a future holiday custodial schedule, this Court

concluded the order was temporary.

 In the present case, the Custody Order concluded that Defendant, Abby’s

biological mother, “has not acted in a manner inconsistent with her constitutionally

protected right as a parent” and granted Defendant “full physical, legal, custody care

 -9-
 GRAHAM V. JONES

 Opinion of the Court

and control” of Abby. Thus, unlike the order in Sood, the Custody Order here granted

Defendant full custody of Abby at all times, resolving the holiday custodial schedule

for the indefinite future. The visitation schedule set forth in the Custody Order

comprised the complete grant of visitation to Plaintiffs, Abby’s grandparents, for the

indefinite future.

 Plaintiffs further argue that the Custody Order is temporary because it failed

to analyze whether Plaintiffs had standing to bring this custody action. “Standing is

a necessary prerequisite to a court’s proper exercise of subject matter jurisdiction.”

Aubin v. Susi, 149 N.C. App. 320, 324, 560 S.E.2d 875, 878 (2002). “If a party does

not have standing to bring a claim, a court has no subject matter jurisdiction to hear

the claim.” Estate of Apple v. Commercial Courier Express, Inc., 168 N.C. App. 175,

177, 607 S.E.2d 14, 16 (2005). Here, the trial court specifically concluded, “That this

Court has subject matter jurisdiction to hear this matter.” This conclusion

necessarily encompasses the trial court’s conclusion that Plaintiffs had standing to

bring this custody action.3

 3 Had the trial court concluded that Plaintiffs lacked standing to bring this custody action, the
trial court would have been required to dismiss the action. See Chavez v. Wadlington, 821 S.E.2d 289,
291 (N.C. Ct. App. 2018) (affirming the trial court’s order dismissing plaintiff’s complaint for lack of
subject matter jurisdiction where plaintiff lacked standing as an “other person” pursuant to N.C. Gen.
Stat. § 50-13.1(a) to seek custody of the minor children at issue).

 - 10 -
 GRAHAM V. JONES

 Opinion of the Court

 We acknowledge that the Custody Order was issued as a result of a temporary

custody hearing, and that the trial court decreed in the Ex Parte Order that a

temporary order would be entered as a result of the temporary hearing. However,

“[a] trial court’s label of a custody order as ‘temporary’ is not dispositive[,]” Sood, 222

N.C. App. at 809, 732 S.E.2d at 606 (citation omitted), and precedent dictates that an

order that does not meet any of the Kanellos criteria is permanent. Peters, 210 N.C.

App. at 14, 707 S.E.2d at 734. As the Custody Order was not entered without

prejudice to the parties, does not set a reconvening time for a subsequent hearing,

and determines all of the issues before the trial court, the Custody Order is a final

order. Defendant’s appeal is therefore properly before this Court. N.C. Gen. Stat.

§ 7A-27(b)(2) (2019).

 2. Substantial Right

 In addition to the Custody Order being permanent, the Custody Order affects

a substantial right and is thus immediately appealable.

 An interlocutory order may be immediately appealed in
 only two circumstances: (1) when the trial court, pursuant
 to N.C.R. Civ. P. 54(b), enters a final judgment as to one or
 more but fewer than all of the claims or parties and
 certifies that there is no just reason to delay the appeal; or
 (2) when the order deprives the appellant of a substantial
 right that would be lost absent appellate review prior to a
 final determination on the merits.

High Rock Lake Partners, LLC v. N.C. Dep’t of Transp., 204 N.C. App. 55, 61, 693

S.E.2d 361, 366 (2010) (citation omitted). In the present case, the Custody Order was

 - 11 -
 GRAHAM V. JONES

 Opinion of the Court

not certified by the trial court pursuant to Rule 54(b). However, citing Price v.

Howard, 346 N.C. 68, 484 S.E.2d 528 (1997), and Petersen v. Rogers, 337 N.C. 397,

445 S.E.2d 901 (1994), Defendant asserts that the trial court’s order awarding

visitation rights to Plaintiffs implicated Defendant’s constitutionally protected

interest in the custody, care, and control of Abby.

 In Petersen, our Supreme Court explicitly recognized “the strength of the right

of natural parents as against others[.]” Petersen, 337 N.C. at 403, 445 S.E.2d at 904.

Petersen also adopted precedent of this Court holding that “parents’ paramount right

to custody includes the right to control their children’s associations[.]” Id. at 403, 445

S.E.2d at 904-05 (quoting Acker v. Barnes, 33 N.C. App. 750, 752, 236 S.E.2d 715, 716

(1977) (“So long as parents retain lawful custody of their minor children, they retain

the prerogative to determine with whom their children shall associate.”)). Our

Supreme Court reiterated these principles in Owenby v. Young, 357 N.C. 142, 579

S.E.2d 264 (2003), in which it

 [n]ote[d] that the Due Process Clause of the Fourteenth
 Amendment protects the fundamental right of parents to
 make decisions concerning the care, custody, and control of
 their children. This parental liberty interest is perhaps the
 oldest of the fundamental liberty interests the United
 States Supreme Court has recognized. This interest
 includes the right of parents to establish a home and to
 direct the upbringing and education of their children.
 Indeed, the protection of the family unit is guaranteed not
 only by the Due Process Clause, but also by the Equal
 Protection Clause of the Fourteenth Amendment and
 possibly by the Ninth Amendment. . . . The protected

 - 12 -
 GRAHAM V. JONES

 Opinion of the Court

 liberty interest . . . is based on a presumption that [parents]
 will act in the best interest of the child.

Id. at 144-45, 579 S.E.2d at 266 (internal quotation marks and citations omitted); see

also Troxel v. Granville, 530 U.S. 57 (2000).

 In In re Adoption of Shuler, 162 N.C. App. 328, 590 S.E.2d 458 (2004), the

biological father of a minor child appealed the trial court’s denial of his motion to

dismiss a third-party petition to adopt the child. This Court held that, although the

father’s appeal was interlocutory, the trial court’s order affected a substantial right

because it “eliminate[d] the [father’s] fundamental right . . . , as a parent, to make

decisions concerning the care, custody, and control of [the child][.]” Id. at 330, 590

S.E.2d at 460 (internal quotation marks and citation omitted).

 In the present case, we similarly conclude that the trial court’s order directing

Defendant to allow Plaintiffs access to and visitation with Abby affected Defendant’s

fundamental right to make decisions concerning the care, custody, and control of her

child, including the child’s association with third parties. Notwithstanding statutory

provisions that permit grandparents to seek visitation rights in limited

circumstances, this Court has explicitly held that “[a] grandparent is a third party to

the parent-child relationship. Accordingly, the grandparent’s rights to the care,

custody[,] and control of the child are not constitutionally protected while the parent’s

rights are protected.” Eakett v. Eakett, 157 N.C. App. 550, 554, 579 S.E.2d 486, 489

(2003). In this case, Defendant “enjoys a constitutional right to the care, custody, and

 - 13 -
 GRAHAM V. JONES

 Opinion of the Court

control of [her] child that [sprung] upon the death of [Christopher,] the custodial

parent[,] to the exclusion of and superior to any interest held by a grandparent.”

Rivera v. Matthews, 824 S.E.2d 164, 169 (N.C. Ct. App. 2019). The trial court’s order

granting visitation to Plaintiffs therefore affected a substantial right, and

Defendant’s appeal is properly before us.

B. Custody

 Defendant next argues that the trial court erred by engaging in a best interest

analysis after granting Defendant full physical and legal custody, care, and control of

Abby and by granting Plaintiffs visitation with Abby.

 Four statutes address grandparent custody and visitation in North Carolina.

Under N.C. Gen. Stat. § 50-13.1(a),

 Any parent, relative, or other person, agency, organization
 or institution claiming the right to custody of a minor child
 may institute an action or proceeding for the custody of
 such child, as hereinafter provided. . . . Unless a contrary
 intent is clear, the word “custody” shall be deemed to
 include custody or visitation or both.

N.C. Gen. Stat. § 50-13.1(a) (2019). While “[i]n certain contexts ‘custody’ and

‘visitation’ are synonymous[,] . . . it is clear that in the context of grandparents’ rights

to visitation, the two words do not mean the same thing.” McIntyre v. McIntyre, 341

N.C. 629, 634, 461 S.E.2d 745, 749 (1995). Thus, “[a]lthough this broad statute

describes general standing to seek custody or visitation, our Supreme Court has

applied canons of statutory construction to determine the statute only grants

 - 14 -
 GRAHAM V. JONES

 Opinion of the Court

grandparents standing for custody, not visitation.” Wellons v. White, 229 N.C. App.

164, 174, 748 S.E.2d 709, 717 (2013) (citing McIntyre, 341 N.C. at 635, 461 S.E.2d at

750) (other citation omitted). A grandparent initiating a proceeding for custody under

N.C. Gen. Stat. § 50-13.1(a) must allege that the parent is unfit or has acted in a

manner inconsistent with her parental status. See Eakett, 157 N.C. App. at 553, 579

S.E.2d at 489 (citations omitted); Yurek v. Shaffer, 198 N.C. App. 67, 75, 678 S.E.2d

738, 744 (2009).

 The following three statutes (“grandparent visitation statutes”) “provide

grandparents with the right to seek ‘visitation’ only in certain clearly specified

situations[,]” McIntyre, 341 N.C. at 635, 461 S.E.2d at 749-50: (1) N.C. Gen. Stat.

§ 50-13.2(b1) allows grandparents to be granted visitation as part of an ongoing

custody dispute, although it does not allow grandparents to initiate an independent

action for visitation. See Moore v. Moore, 89 N.C. App. 351, 353, 365 S.E.2d 662, 663

(1988); (2) N.C. Gen. Stat. § 50-13.2A permits a biological grandparent to request

visitation with the grandchild if the grandchild is adopted by a stepparent or relative

of the child, provided the child and grandparent have a substantial relationship; and

(3) N.C. Gen. Stat. § 50-13.5(j) allows grandparents to seek visitation by intervening

in an existing custody case and alleging facts sufficient to support a showing of a

substantial change of circumstances affecting the welfare of the child since the

original order was entered and that modification is in the best interest of the child.

 - 15 -
 GRAHAM V. JONES

 Opinion of the Court

“Th[ese] situations do not include that of initiating suit against parents whose family

is intact and where no custody proceeding is ongoing.” McIntyre, 341 N.C. at 635, 461

S.E.2d at 750. Thus, under the grandparent visitation statutes, “a grandparent’s

right to visitation arises either in the context of an ongoing custody proceeding or

where the minor child is in the custody of a stepparent or a relative.” Id. at 634, 461

S.E.2d at 749.

 “[W]here one parent is deceased, the surviving parent has a natural and legal

right to custody and control of the minor children.” McDuffie v. Mitchell, 155 N.C.

App. 587, 589, 573 S.E.2d 606, 607-08 (2002) (citation omitted). “That maxim was no

less true when the sole surviving parent was the non-custodial parent of the

children[.]” Rivera, 824 S.E.2d at 168-69.

 Here, when Plaintiffs filed their complaint, there was no ongoing custody

proceeding as Defendant had a natural and legal right to custody and control of Abby

upon Christopher’s death, see McDuffie, 155 N.C. App. at 589, 573 S.E.2d at 607-08,

and Abby had not been adopted by a stepparent or relative. Thus, Plaintiffs lacked

standing to bring a claim for visitation under any of the grandparent visitation

statutes. However, as Plaintiffs stress in their brief, whether there was an ongoing

custody proceeding or whether Abby “was living in an intact family when this action

was filed” are “irrelevant” considerations as Plaintiffs were not seeking visitation

 - 16 -
 GRAHAM V. JONES

 Opinion of the Court

under any of the grandparent visitation statutes, but instead brought their action for

custody under N.C. Gen. Stat. § 50-13.1(a).

 In their complaint, Plaintiffs alleged that Defendant was unfit and had acted

inconsistently with her parental status. Plaintiffs thus had standing to bring this

custody action pursuant to N.C. Gen. Stat. § 50-13.1(a). See Eakett at 553, 579 S.E.2d

at 489; Rodriguez v. Rodriguez, 211 N.C. App. 267, 274, 710 S.E.2d 235, 240 (2011).

Nevertheless, even when grandparents have standing to bring a custody action, to

gain custody they must still overcome a parent’s “constitutionally-protected

paramount right . . . to custody, care, and control of [the child.]” Petersen, 337 N.C.

at 403-04, 445 S.E.2d at 905. “While the best interest of the child standard would

apply in custody disputes between two parents, in a dispute between parents and

grandparents there must first be a finding that the parent is unfit.” Sharp v. Sharp,

124 N.C. App. 357, 361, 477 S.E.2d 258, 260 (1996) (citation omitted).

 “If a natural parent’s conduct has not been inconsistent with his or her

constitutionally protected status, application of the ‘best interest of the child’

standard in a custody dispute with a nonparent would offend the Due Process

Clause.” Price, 346 N.C. at 79, 484 S.E.2d at 534. Accordingly, only after the trial

court has determined that the parent has acted in a manner inconsistent with his or

her protected status may the trial court apply the best interest of the child test to

determine custody. Seyboth v. Seyboth, 147 N.C. App. 63, 67, 554 S.E.2d 378, 381

 - 17 -
 GRAHAM V. JONES

 Opinion of the Court

(2001). If, however, the grandparent is not able to show that the parent has lost his

or her protected status, the custody claim against the parent must be dismissed. See

Owenby, 357 N.C. at 148, 579 S.E.2d at 268 (reinstating the trial court’s order

dismissing grandparent’s custody action where grandparent “failed to carry her

burden of demonstrating that defendant forfeited his protected status”).

 In this case, based upon its extensive findings of fact, the trial court concluded,

in relevant part:

 7. Defendant is not an unfit parent.
 8. Defendant has not abandoned her daughter.
 9. That the minor child has not been neglected by
 Defendant.
 10. That Defendant has not acted in a manner inconsistent
 with her constitutionally protected right as a parent.
 11. That Defendant is a fit and proper person to have full
 physical and legal custody of the minor child.

 Although the trial court initially concluded, “6. That the court is not

considering the best interest of the minor child standard at this posture of the case[,]”

the trial court’s following conclusions plainly indicate otherwise:

 12. That it is in the best interest of the minor child to place
 full physical and legal custody with Defendant, Stephanie
 Jones.
 13. That Plaintiffs are fit and proper person[s] to have
 reasonable visitation with the minor child.
 14. That the Court has the authority to grant Plaintiffs
 reasonable visitation.

 - 18 -
 GRAHAM V. JONES

 Opinion of the Court

 15. That it is in the best interest of the minor child to have
 reasonable visitation with Plaintiffs, Wanda Graham and
 George Graham.

 As Defendant remained entitled to constitutional protection of her parental

status upon Christopher’s death, Rivera, 824 S.E.2d at 168-69, and the trial court

found that Defendant was not an unfit parent and had not acted inconsistently with

her constitutionally-protected status as a parent, the trial court’s application of the

“best interest of the child” standard before concluding that Plaintiff was entitled to

full legal and physical custody of Abby “offend[s] the Due Process Clause.” Price, 346

N.C. at 79, 484 S.E.2d at 534. Moreover, as the trial court found that Defendant was

not an unfit parent and had not acted inconsistently with her

constitutionally-protected status as a parent, the trial court’s “inquiry into

[Plaintiffs’] fitness for purposes of custody was irrelevant[,]” Petersen, 337 N.C. at

404, 445 S.E.2d at 905; the trial court erred in concluding that it had the authority to

grant Plaintiffs visitation; and the trial court’s application of the “best interest of the

child” standard to grant Plaintiffs visitation again “offend[s] the Due Process Clause.”

Id.

 As the trial court found that Defendant was not an unfit parent and had not

acted inconsistently with her constitutionally protected status as a parent, there was

no basis for the trial court to grant visitation to the Plaintiffs. See Rodriguez, 211

N.C. App. at 279, 710 S.E.2d at 244 (in a custody action brought by grandparents

 - 19 -
 GRAHAM V. JONES

 Opinion of the Court

pursuant to N.C. Gen. Stat. § 50-13.1, “there was no basis for the trial court to grant

visitation to the [grandparents]” where “defendant did not act inconsistently with her

status as a parent, and the trial court did not make a finding that defendant was

unfit”).

 III. Conclusion

 For the reasons articulated above, we reverse the Custody Order and remand

the case to the trial court with instructions to dismiss Plaintiffs’ action and dissolve

the Ex Parte Order and the Custody Order. See Owenby, 357 N.C. at 148, 579 S.E.2d

at 268 (reinstating trial court’s order dismissing plaintiff’s custody action and

dissolving all orders previously entered).

 REVERSED AND REMANDED.

 Judges BRYANT and HAMPSON concur.

 - 20 -